[Cite as *State v. Spence*, 2014-Ohio-4691.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 101154**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMES H. SPENCE, JR.

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-574274-A

**BEFORE:** Rocco, J., Celebrezze, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 23, 2014

-i-

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   John D. Kirkland
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶1} In this appeal assigned to the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, defendant-appellant James H. Spence, Jr. appeals from the sentence imposed upon him after he pleaded guilty to charges of felonious assault with a firearm specification and improper discharge of a firearm into a habitation.

{¶2} Spence presents one assignment of error, arguing that the trial court failed to make the necessary findings before imposing consecutive prison terms for his convictions. The record does not support his argument. However, the journal entry of sentence is inadequate to comply with the Ohio Supreme Court's directive in *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, and also contains a clerical error. Consequently, while Spence's assignment of error is overruled and his sentence is affirmed, this case is remanded with instructions to the trial court to correct the journal entry of sentence nunc pro tunc to incorporate the consecutive sentences findings made at the sentencing hearing and to reflect that Spence was sentenced on "Count 3" rather than on "Count 2."

{¶3} Spence was indicted in this case on five counts. He was charged with attempted murder, two counts of felonious assault, one count of improper discharge of a firearm into a habitation, and one count of improper discharge of a firearm on or near prohibited premises. All of the counts carried one-year and three-year firearm specifications.

**{¶4}** Spence ultimately agreed to the state's offer to amend the charges in exchange for his guilty pleas. Spence pleaded guilty to Count 3, amended to delete the three-year firearm specification, and to Count 4, improper discharge of a firearm into a habitation, with the specifications deleted. The state dismissed the other counts.

**{¶5}** After accepting Spence's guilty pleas, the trial court called the case for sentencing, and imposed a prison term on Count 3 of one year for the firearm specification, to be served prior to and consecutive with four years, and a consecutive term of four years on Count 4. The journal entry of sentence, however, states that Spence received a total of five years on "Count 2."

**{¶6}** Spence filed a timely appeal and challenges only the sentence imposed. He argues in his sole assignment of error that the trial court failed to comply with R.C. 2929.14(C)(4) when imposing consecutive terms. The record, however, does not support his argument, therefore, his assignment of error is overruled.

**{¶7}** Appellate courts review consecutive sentences using the standard set forth in R.C. 2953.08. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 10. R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4), or (2) the sentence is "otherwise contrary to law." *See also Venes* at ¶ 11.

**{¶8}** R.C. 2929.14(C)(4) requires a trial court to make specific findings when imposing consecutive sentences. Thus, the record must demonstrate that the trial court

imposed consecutive sentences because it found: (1) consecutive sentences were necessary to protect the public or to punish the offender, (2) they are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public, and (3) either, (a) the offender's history of criminal conduct demonstrated consecutive sentences were necessary to protect the public from future crime, or, (b) the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense, or, (c) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. R.C. 2929.14(C)(4). If these findings are not made, the sentence is "contrary to law." *Venes* at ¶ 12, citing *State v. Jones*, 93 Ohio St.3d 391, 399, 2001-Ohio-1341, 754 N.E.2d 1252 (2001).[1]

{¶9} The trial court's comments in this case were adequate to comply with R.C. 2929.14(C)(4). *See State v. Greene*, 8th Dist. Cuyahoga No. 100542, 2014-Ohio-3713. The court stated in pertinent part:

---

[1]Prior to the Ohio Supreme Court's decision in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, this court interpreted the statute's requirements in a strict manner. *See State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527.

* * * [Y]ou chose to use violence to protect your family and, in particular, your niece * * * .

Your choice was inappropriate. And the choice which you chose to execute was probably one of the most dangerous things you could have done short of killing the victim in this case.

* * *

* * * [Y]ou chose to execute a crime in one of the most dangerous fashions possible, which makes you incredibly dangerous to the community. [Finding: necessary to protect the public.]

* * *

I don't find that concurrent sentences are going to be appropriate in this matter. There were two separate victims, two separate, completely separate situations. The harm to [one victim] was so great, it's clear to the Court he almost died as a result of these injuries.

The photographs depict a surgical incision that basically leads from his Adam's apple, all the way down to his navel and maybe even further than that. It's clear to the Court that those injuries were so severe that a concurrent sentence is not warranted. [Finding: not disproportionate to the seriousness of the offender's conduct.]

* * * The harm was so great * * * that I am going to impose a consecutive sentence in this case. [Finding: R.C. 2929.14(C)(4)(c).]

{¶10} The foregoing comments were sufficient to meet the statutory requirements. *State v. Evans*, 8th Dist. Cuyahoga No. 100151, 2014-Ohio-3584, ¶ 29.[2] Therefore, Spence's assignment of error is overruled.

{¶11} However, the Ohio Supreme Court decision in *State v. Bonnell*, Slip Opinion No. 2014-Ohio-3177, requires that the trial court not only make the statutory findings to impose consecutive sentences, but that the court also incorporate those findings into its sentencing entry. *Id.* at syllabus.

---

[2]*Compare Nia,* 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527.

The court stated that a trial court's failure to do so is a clerical mistake and does not render the sentence contrary to law, therefore, the omission "may be corrected * * * through a nunc pro tunc entry to reflect what actually occurred in open court." *Id.* at ¶ 30, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 15. In light of *Bonnell*, this case is remanded for the limited purpose of having the trial court incorporate nunc pro tunc in its consecutive sentence findings in the sentencing entry. In addition, the trial court must correct the journal entry to reflect that Spence is sentenced on "Count 3" rather than on "Count 2."

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

EILEEN T. GALLAGHER, J., and
FRANK D. CELEBREZZE, JR., P.J., CONCUR