[Cite as *State v. Morton*, 2021-Ohio-3468.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109200 |
| v. | : | |
| JEREMIAH MORTON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** September 27, 2021

Cuyahoga County Court of Common Pleas
Case No. CR-19-636658-A
Application for Reopening
Motion No. 546846

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellant.*

Jeremiah Morton, *pro se.*

LARRY A. JONES, SR., P.J.:

{¶ 1} Jeremiah Morton has filed a timely App.R. 26(B) application for reopening. Morton is attempting to reopen the appellate judgment, rendered in *State v. Morton*, 8th Dist. Cuyahoga No. 109200, 2021-Ohio-581, that affirmed his

conviction and sentence for the offenses of rape, kidnapping, and aggravated burglary. We decline to reopen Morton's appeal for the following reasons.

## I. Standard of Review Applicable to App.R. 26(B) Application for Reopening

{¶ 2} An application for reopening shall be granted if there exists a genuine issue as to whether an applicant was deprived of the effective assistance of appellate counsel on appeal. *See* App.R. 26(B)(5). To establish a claim of ineffective assistance of appellate counsel, Morton is required to establish that the performance of his appellate counsel was deficient, and the deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990).

{¶ 3} In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is all too tempting for a defendant to second-guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Thus, a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland.*

{¶ 4} Moreover, even if Morton establishes that an error by his appellate counsel was professionally unreasonable, Morton must further establish that he was prejudiced; but for the unreasonable error there exists a reasonable probability that the results of his appeal would have been different. Reasonable probability, regarding an application for reopening, is defined as a probability sufficient to undermine confidence in the outcome of the appeal. *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-5504.

## II. First Proposed Assignment of Error

{¶ 5} Morton's first proposed assignment of error is that:

Appellate counsel was ineffective for failing to argue that his convictions are against the manifest weight of the evidence.

{¶ 6} Herein, Morton specifically argues that his convictions for the offenses of rape, in violation of R.C. 2907.02(A)(1)(c) and 2907.02(A)(2), were against the manifest weight of the evidence. In a manifest weight analysis, an appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and resolves conflicts in the evidence. An appellate court may not substitute its view for that of the jury unless it finds that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed, and a new trial ordered. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264; *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997); *State v. Walker*, 8th Dist. Cuyahoga No. 109328, 2021-Ohio-2037.

{¶ 7} A complete and thorough review of the record clearly demonstrates that Morton's convictions for the offenses of rape were not against the manifest weight of the evidence. Morton's conviction for two counts of rape, in violation of R.C. 2907.02(A)(1)(c), were not against the manifest weight of the evidence, because the testimony and evidence adduced at trial demonstrated that the victim's ability to resist or consent was substantially impaired as the result of a mental condition, physical condition, and the consumption of alcohol. Tr. 406–451.

{¶ 8} Morton's convictions for two counts of rape, in violation of R.C. 2907.02(A)(2), were not against the manifest weight of the evidence, because the testimony and evidence adduced at trial demonstrates that Morton used physical force to compel the victim to engage in unwanted sexual activity. Tr. 418-455.

{¶ 9} We cannot say that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the convictions for rape must be reversed. Morton has failed to establish any prejudice through his first proposed assignment of error.

### III. Second Proposed Assignment of Error

{¶ 10} Morton's second proposed assignment of error is that:

Appellate counsel was ineffective for failing to raise a disproportionate aggregate twenty (20) year consecutive prison sentence that is unsupported by the record.

{¶ 11} Morton's second proposed assignment of error is raised through a supplement, filed June 20, 2021, to his original App.R. 26(B) application for reopening that was originally filed on May 25, 2021. App.R. 26(B) does not contain

any provision for the filing of a supplement to the original application for reopening. In addition, the supplement, with the additional proposed assignment of error, constitutes an attempt to evade the 90-day requirement for the timely filing of the application for reopening. App.R. 26(B)(2)(b) requires that Morton establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment" that is subject to reopening. *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7. *See also State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 653 N.E.2d 252 (1995); *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784 (1995).

{¶ 12} Morton has failed to establish any good cause for the filing of the supplemental second proposed assignment of error, and thus, we are permitted to summarily reject the second proposed assignment of error. *State v. Durham*, 8th Dist. Cuyahoga No. 94747, 2012-Ohio-2053. Nevertheless, we shall address Morton's second proposed assignment of error.

{¶ 13} Morton, through his second proposed assignment of error, argues that the trial court's imposition of consecutive sentences of incarceration was not supported by the record.

{¶ 14} A trial court, when imposing consecutive terms of incarceration, must make the findings required by R.C. 2929.14(C)(4). The findings made by the trial court must be stated and placed upon the record at the sentencing hearing and incorporated into the sentencing journal entry. *State v. Bonnell*, 140 Ohio St.3d

209, 2014-Ohio-3177, 16 N.E.3d 659. At the sentencing hearing, the trial court opined that:

> The Court finds that a consecutive sentence is necessary to protect the public and will not demean the seriousness of — protect the public from future crime — I'm sorry. That this consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger the offender poses to the public.
>
> And the reason why I find that you are a danger to the public is that if you are preying on people who live in group homes, who live in places where everyone there has a mental disability, then you are a danger to that community. In addition, the Court finds that the course of conduct and the harm caused by the two or more multiple offenses that were committed are so great or unusual that no single prison term for any of the offenses committed as part of the courses of conduct adequately reflect the seriousness of the offender's conduct.

Tr. 884-885.

{¶ 15} The trial court, during sentencing, entered upon the record the findings mandated by R.C. 2929.14(C)(4) that are required for the imposition of consecutive sentences of incarceration: 1) protect the public from future crimes; 2) punish Morton; 3) danger to the public by preying upon persons that live in group homes; 4) victim had a mental disability; 5) conduct and harm caused by multiple offenses were so great or unusual that no single term of prison adequately reflected the seriousness of the offenses. We find that the record supports the trial court's findings and that the imposition of consecutive sentences of incarceration were warranted. *State v. Russell*, 11th Dist. Lake No. 2019-L-138, 2020-Ohio-3243; *State v. Spence*, 8th Dist. Cuyahoga No. 101154, 2014-Ohio-4691; *State v. Venes*, 8th Dist.

Cuyahoga No. 98682, 2013-Ohio-1891. Morton has failed to establish any prejudice through his second proposed assignment of error.

{¶ 16} Application denied.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
LISA B. FORBES, J., CONCUR