[Cite as *State v. B.C.*, 2022-Ohio-384.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110070 |
| v. | : | |
| B.C., | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** February 8, 2022

Cuyahoga County Court of Common Pleas
Case No. CR-18-635036-A
Application for Reopening
Motion No. 550086

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee.*

B.C.*, pro se.*

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} B.C. has filed a timely App.R. 26(B) application for reopening. B.C. is attempting to reopen the appellate judgment, rendered in *State v. B.C.*, 8th Dist. Cuyahoga No. 110070, 2021-Ohio-3468, that affirmed his convictions and sentence

of incarceration, in Cuyahoga C.P. No. CR-18-635036, for the offenses of rape (R.C. 2907.02(A)(1)(b)), attempted rape (R.C. 2923.02 and 2907.02 (A)(1)(b)), sexual battery (R.C. 2907.03(A)(1)), endangering children (R.C. 2919.22(B)(1)), and gross sexual imposition (R.C. 2907.05(A)(4)). We decline to reopen B.C.'s appeal.

## I. Standard of Review Applicable to App.R. 26(B) Application for Reopening

{¶ 2} An application for reopening shall be granted if there exists a genuine issue as to whether an applicant was deprived of the effective assistance of appellate counsel on appeal. *See* App.R. 26(B)(5). To establish a claim of ineffective assistance of appellate counsel, B.C. is required to demonstrate that the performance of his appellate counsel was deficient and the deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768 (1990).

{¶ 3} In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is all too tempting for a defendant to second-guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Thus, a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must

overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*.

{¶ 4} Moreover, even if B.C. establishes that an error by his appellate counsel was professionally unreasonable, B.C. must further establish that he was prejudiced; but for the unreasonable error there exists a reasonable probability that the results of his appeal would have been different. Reasonable probability, regarding an application for reopening, is defined as a probability sufficient to undermine confidence in the outcome of the appeal. *State v. Powell*, 8th Dist. Cuyahoga No. 107276, 2020-Ohio-3887; *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-5504.

## II. Sole Proposed Assignment of Error – Lack of Speedy Trial

{¶ 5} B.C.'s sole assignment of error, in support of his application for reopening, is that

> [w]hether appellate counsel's deficient performance resulted in a disfavorable [sic] ruling on appeal.

> The appellant contacted his appellate counsel and stressed for the speedy trial violation to be brought forth in his appeals brief, so the Honorable Court may rule on the merit. This issue was not presented, and if it had, could have resulted in the reversal of conviction.

{¶ 6} B.C., through his sole proposed assignment of error, argues that his appellate counsel failed to argue on appeal the lack of speedy trial. Specifically, B.C. argues that his right to a speedy trial was violated and his conviction must be reversed.

## A. R.C. 2945.71 and Speedy Trial Tolling

{¶ 7} R.C. 2945.71(C)(2) requires that the state bring a person charged with a felony to trial within 270 days after the person's arrest. Under subsection (E) of R.C. 2945.71, each day the person is held in jail counts as three days. However, this time period may be waived, extended, or tolled under R.C. 2945.72. Subsection D of R.C. 2945.72 provides that the time may be extended by "[a]ny period of delay occasioned by the neglect or improper act of the accused." Similarly, any "delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused" tolls the period. R.C. 2945.72(E). Finally, R.C. 2945.72(H) provides that the running of the time period for speedy trial is tolled by "any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." Thus, any continuance granted at the defendant's request tolls the time period for speedy trial. *State v. Ferrell*, 8th Dist. Cuyahoga No. 93003, 2010-Ohio-2882, and *State v. Brelo*, 8th Dist. Cuyahoga No. 79580, 2001-Ohio-4245. We further note that defense counsel's actions in waiving any time period is attributable to the defendant, even if the defendant did not consent to the waiver. *State v. McBreen*, 54 Ohio St.2d 315, 376 N.E.2d 593 (1978).

## B. Speedy Trial Calculation under R.C. 2945.71

{¶ 8} B.C. never made bail, so each day while incarcerated was subject to the triple-count provision of R.C. 2945.71(E). If B.C. can establish that more than 270 days elapsed after allowing for all waivers and extensions, his claim may have merit.

The time for speedy trial begins to run when the accused is arrested, but the actual day of arrest is not counted. R.C. 2945.71(C)(2), *State v. Steiner*, 71 Ohio App.3d 249, 593 N.E.2d 368 (9th Dist.1991)*; State v. Canty*, 7th Dist. Mahoning No. 08-MA-1565, 2009-Ohio-6161.

{¶ 9} The docket in CR-18-635036-A demonstrates that:

1) 12/12/18      B.C. indicted.

2) 4/7/19      B.C. arrested and in custody.

3) 4/12/19      B.C. filed request for discovery.

4) 4/15/19      State provides requested discovery.

5) 4/17/19      Pretrial had and continued to 5/1/19 at B.C.'s request.

6) 5/1/19      Pretrial had and continued to 5/15/19 at B.C.'s request.

7) 5/15/19      Pretrial had and continued to 6/17/19 at B.C.'s request.

8) 6/17/19      Trial set for 8/12/19 at B.C.'s request.

9) 8/2/19      Trial set for 8/12/19 reset to 9/23/19 at B.C.'s request.

10) 9/20/19      B.C. files motion for continuance of 9/23/19 trial.

11) 9/24/19      Trial set for 10/21/19 at B.C.'s request.

12) 10/18/19      Pretrial set for 10/29/19 at B.C.'s request.

13) 10/29/19      Trial set for 10/29/19 reset to 12/2/19 at B.C.'s request.

14) 12/2/19      B.C. appointed new counsel and pretrial set for 12/10/19.

| | | |
|---|---|---|
| 15) 12/10/19 | Pretrial had and continued to 1/8/20 at B.C.'s request. | |
| 16) 1/8/20 | Pretrial continued at B.C.'s request to 2/4/20. | |
| 17) 2/4/20 | Pretrial continued at B.C.'s request to 2/25/20. | |
| 18) 3/5/20 | Pretrial continued at B.C.'s request to 3/23/20. | |
| 19) 3/27/20 | Speedy trial tolled between 3/9/20 through 7/30/20 by Ohio Supreme Court and the Ohio legislature. | |
| 20) 5/6/20 | Pretrial set for 5/12/20 to reduce Covid-19 spread. | |
| 21) 6/22/20 | Trial continued to 8/11/20 to reduce spread of Covid-19. | |
| 22) 9/1/20 | Pretrial held and continued at B.C.'s request to 9/14/20. | |
| 23) 9/30/20 | Trial continued to 10/6/20 to reduce spread of Covid-19. | |
| 24) 10/5/20 | Motion to continue trial filed by B.C. | |
| 25) 10/6/20 | Trial continued to 10/20/20 at B.C.'s request. | |
| 26) 10/20/20 | Trial commenced. | |

{¶ 10} Between Apr. 7, 2019, (date of arrest) and Oct. 20, 2020, (trial commenced) a period of 562 days elapsed. Because B.C. was incarcerated, the triple-count provision of R.C. 2945.71(E) applied to each day of B.C.'s incarceration for calculation of speedy trial. However, only a period of 162 speedy trial days were chargeable against the 270 days in which B.C. was to be brought to trial:

| | |
|---|---|
| 1) 4/7/19 to 4/12/19 | Arrest to request for discovery — 15 chargeable days elapsed (5 x 3 = 15). |
| 2) 4/12/19 to 4/15/19 | Request for discovery and discovery provided — 9 chargeable days elapsed (3 x 3 = 9). |
| 3) 2/25/20 to 3/5/20 | Continuance of pretrial not requested by B.C. until 3/5/20 — 27 chargeable days elapsed (3 x 9 = 27). |
| 4) 8/11/20 to 9/1/20 | Trial scheduled for 8/11/20 not rescheduled until 9/1/2 0 — 63 chargeable days elapsed (21 x 3 = 63). |
| 5) 9/14/20 to 9/30/20 | No pretrial or trial scheduled until 9/30/20 —48 chargeable days elapsed (16 x 3 = 48). |

{¶ 11} The remainder of the days between arrest and the commencement of trial were tolled as a result of the numerous requests for pretrial continuances and trial continuances made by B.C. *State v. Brown*, 4th Dist. Scioto No. 13CA3585, 2016-Ohio-1453; *State v. Shepard*, 8th Dist. Cuyahoga No. 97962, 2012-Ohio-5415. It must also be noted that speedy trial time was tolled from March 9, 2020, through July 30, 2020, in response to the Covid-19 pandemic. The General Assembly, as well as the Ohio Supreme Court, tolled the speedy time limits imposed under R.C. 2945.71. *See* 2020 Am.Sub.H.B. No. 197, Sections 22(B) and (C), and *In re Tolling of Time Requirements Imposed by Rules Promulgated by the Supreme Court and Use of Technology*, 03/27/2020 Administrative Actions, 2020-Ohio-1166. *See also Chapman Ents., Inc. v. McClain*, Slip Opinion No. 2021-Ohio-2386; *State v. McCorkle*, 2d Dist. Greene No. 2020-CA-36, 2021-Ohio-2604; 2020 Ohio Atty. Gen.

Ops. No. 2020-002, syllabus. B.C. has not demonstrated that he was denied the right to a speedy trial as mandated by R.C. 2945.71.

### C. Presumption that Attorney Executed Duties in Competent Manner

{¶ 12} Finally, it is presumed that a properly licensed attorney has executed his or her legal duty in an ethical and competent manner. *State v. Smith*, 17 Ohio St.3d 98, 477 N.E.2d 1128 (1985); *State v. Krzywkowski*, 8th Dist. Cuyahoga Nos. 83599, 83842, and 84056, 2004-Ohio-5966. This court will not second-guess appellate counsel's decision not to argue issues that are not preserved in the record, that have a questionable basis, and for which it is difficult to discern prejudice. *State v. Harris*, 8th Dist. Cuyahoga No. 108377, 2020-Ohio-5425. Because there is no merit, with regard to B.C.'s claim of a lack of speedy trial, we find no prejudice associated with the failure of appellate counsel to argue a lack of speedy trial on appeal.

{¶ 13} Application denied.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN T. GALLAGHER, J., CONCUR