[Cite as *State v. Powers*, 2019-Ohio-3321.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

MARK A. POWERS,

    DEFENDANT-APPELLANT.

CASE NO. 5-19-01

O P I N I O N

Appeal from Hancock County Common Pleas Court
Trial Court No. 2017 CR 00394

**Judgment Affirmed**

**Date of Decision:  August 19, 2019**

APPEARANCES:

    *W. Alex Smith* **for Appellant**

    *Steven M. Powell* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Mark Powers ("Powers") brings this appeal from the judgment of the Court of Common Pleas of Hancock County sentencing him to 40 months in prison on two counts of aggravated trafficking in drugs. On appeal Powers claims that the prosecutor engaged in misconduct by making inflammatory statements at sentencing. For the reasons set forth below, the judgment is affirmed.

*Procedural History*

{¶2} On December 12, 2017, the Hancock County Grand Jury indicted Powers on two counts of Aggravated Trafficking in Drugs, one a felony of the third degree and one a felony of the fourth degree. Doc. 1. On October 19, 2018, Powers changed his plea from not guilty to guilty. Doc. 77. A hearing was held that same day and the trial court accepted the plea of guilty and set the matter for a sentencing hearing after the presentence investigation report ("PSI") was completed. Doc. 83.

{¶3} A sentencing hearing was held on December 17, 2018. Doc. 94. The trial court specifically noted that Powers was serving post-release control ("PRC") at the time of the new offenses. *Id.* After reviewing the PSI, listening to the arguments of the State and Powers, and personally addressing Powers, the trial court ordered Powers to serve an aggregate prison term of 52 months – 24 months for Count One, 16 months for Count Two, and one year for violation of PRC. Powers filed his notice of appeal from this judgment on January 4, 2019. Doc. 99. On appeal, he raises the following assignment of error

**The prosecutor engaged in prosecutorial misconduct.**

*Prosecutorial Misconduct*

{¶4} The sole assignment of error in this case is that the prosecutor allegedly engaged in misconduct at the sentencing hearing by making inflammatory statements. "[T]he standard for prosecutorial misconduct is whether the comments and/or questions were improper, and, if so, whether they prejudiced appellant's substantial rights." *State v. Treesh*, 90 Ohio St.3d 460, 480, 2001-Ohio-4, 739 N.E.2d 749. Prosecutorial misconduct is only reversible error if it can be said that the misconduct deprived the appellant of a fair trial when the entire record is considered. *State v. Lott*, 51 Ohio St.3d 160, 555 N.E.2d 293 (1990). "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982). Any effect of an improper argument made by the State at sentencing can by cured by the trial court's independent assessment of the sentencing factors. *State v. Lundgren*, 73 Ohio St.3d 474, 489, 1995-Ohio-227, 653 N.E.2d 304.

{¶5} In this case, Powers argues that the allegedly inflammatory statements made by the prosecutor may have caused the trial court to impose a more severe sentence than otherwise would have been ordered. At the sentencing hearing the State requested the maximum sentence be imposed on each of the counts and that Powers be ordered to serve one year for the PRC violation, all consecutive for an

aggregate prison term of 66 months. Tr. 5. The prosecutor, in supporting his argument made the following statements.

> **Now, what I want to do is address the issues with regard to – to the sentence, and that is that the Court's had the opportunity to hear some of the evidence and some of the testimony of officers in this case, in suppression hearings, and I – I don't think anybody can deny the fact that the Defendant here is somebody who has been a bane in the side of law enforcement, has been known to them for some time. He's able, in the eyes of law enforcement, able to evade prosecution on many of the cases; however, he does have a history of -- of drug use, drug trafficking, and the Court has been able to pick up on that in the [PSI]. Almost all of his prior history relates directly to drug trafficking and drug use. There are some Municipal Court proceedings that dealt with thing like fleeing and eluding and other substance abuse, but with respect to his prior history, it's well known that he has – has had issues here in this community.**
>
> **\* \* \***
>
> **I believe that – I just want to make a – a professional statement. This is not one that in the type of hearing we're in today, I just want to say that referring back to earlier comments about being a – a bane in the side of law enforcement with respect to these hard drugs, that I just – it had been noted, professional statement, that the drop-off, there was a huge drop-off in the number of overdose deaths after Mr. Powers was incarcerated in this case. And as a result, that's why we are taking the position here that this is serious, that it is – he is a threat to the community. I think that based on what I have seen and heard, that he'll – [defense counsel] will be requesting community control sanctions, that he's in Tree Line recovery, or something like that. I think that's awful late in the ballgame here. For years, he had that opportunity. He's chosen not to do it, but to continue selling and dealing the – the kind of drugs that are killing people here in the community.**
>
> **And so based upon that, I'm going to ask the Court to impose a maximum sentence on each, to run consecutive, and consecutive**

> **to that, the PRC violation, or having committed a new violation under PRC.**

Tr. 5, 8-9. Counsel for Powers objected to the reference by the Prosecutor to the offenses not before the court. Tr. 10. There is no question that the prosecutor alleged that the incarceration of Powers reduced the number of overdoses in Hancock County, inferring that Powers was responsible for several deaths. These statements were not based upon any evidence in the record, but were just a statement by the prosecutor. However, there is also no evidence that it affected the decision of the trial court. Powers admits in his brief that the sentences imposed were within the statutory ranges and that the sentences imposed were not the maximum sentence. Appellant's Brief at 5. Powers only alleges that the alleged misconduct may have affected the sentence, not that it did. *Id*.

{¶6} A review of the record does not support Power's contention that the sentence was affected. The record shows that the trial court reviewed the PSI. The trial court also clearly considered the statutory sentencing factors and addressed them on the record. Tr. 35-37. The trial court then addressed what considerations he was making in regards to the length of the sentence.

> **But the balance of what do I do is the more difficult part. I would agree, [defense counsel], with your statement that based on – I understand what the concerns are from the State of Ohio. I understand what their belief is that your client has done, or not done, as the case may be. I've got the charges in front of me that I have. I have the information related to me that does have [sic]. I would agree that I think the State's request to max Mr. Powers on both 36 and the 18 months, I don't think, based on the**

> **information contained in the PSI, having considered all of the relevant factors, I don't think that's appropriate. Okay? I understand the request, but I don't think that's appropriate under the sentencing guidelines.**

Tr. 37-38. The trial court specifically indicated that it was only considering the charges before it and indicated that it did not concur with the recommendations of the State. This independent assessment of the evidence and the sentencing factors rebuts Powers' speculation regarding the effect of the prosecutor's statements upon the sentence imposed. As there is no showing of prejudice resulting from the statements, the assignment of error is overruled.

{¶7} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Hancock County is affirmed.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/hls**