[Cite as *State v. Robinson*, 2022-Ohio-1311.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,      :

                      No. 110467

    v.                           :

DAVID E. ROBINSON,               :

    Defendant-Appellant.     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** April 21, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-643101-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Fallon Radigan, Assistant Prosecuting Attorney, *for appellee.*

David E. Robinson, *pro se.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Defendant-appellant David Robinson brings this appeal challenging his convictions and sentence for endangering children and obstructing official business. Appellant's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), seeking leave to withdraw as counsel.

{¶ 2} Appellant filed a pro se brief arguing that he was denied his constitutional right to effective assistance of counsel, his guilty plea was not knowingly, intelligently, and voluntarily entered, he was prejudiced by the prosecution's improper remarks at sentencing and misrepresentation of the evidence, his speedy trial rights were violated, the trial court erred in ordering him to pay restitution without considering his ability to pay, and the trial court erred in imposing a five-year prison sentence. After a thorough review of the record and law, this court grants counsel's motion to withdraw. Furthermore, this court affirms the trial court's judgment and remands the matter to the trial court for the limited purpose of issuing a nunc pro tunc sentencing journal entry correcting the amount of restitution.

## I. Factual and Procedural History

{¶ 3} On August 12, 2019, officers from the Bedford Police Department responded to the home of appellant and his wife and codefendant, Cherie Terrell. Appellant and his wife were concerned that the wife's children, N.T.[1] (female) and J.P.[2] (male), were missing. They reported that they were unable to locate the children after searching for approximately four hours.

{¶ 4} Several law enforcement agencies assisted with the search for the children. The following day, authorities were contacted by the children's uncle,

---

[1] D.O.B. August 2, 2009.
[2] D.O.B. January 23, 2006.

Earnest Mack, who advised authorities that the children walked to his house, which was approximately three miles away, barefoot, the previous night.

{¶ 5} During the ensuing investigation, officers determined that appellant and his wife had not been truthful about the circumstances under which the children left the house on August 12, 2019. When appellant and his wife reported that the children were missing, they did not mention the fact that the children had been "disciplined" earlier in the day and kicked out of the house for going to Giant Eagle without permission.

{¶ 6} Appellant was arrested on August 13, 2019. During the course of the investigation, officers learned about two additional incidents involving appellant's wife's children. First, on May 15, 2018, appellant shaved the pubic regions of both children. Appellant's wife was not home at the time. In a subsequent interview, appellant acknowledged that his finger may have went into N.T.'s vagina as he was shaving. N.T. was approximately eight years old at the time of this incident. The Cuyahoga County Division of Children and Family Services initiated an investigation into the allegation, but the allegation was determined to be "unsubstantiated."

{¶ 7} Second, in February 2019, appellant used an electrical cord to "discipline" J.P. Appellant's wife was present at the time and watched as appellant whipped J.P. J.P. sustained scarring on his legs that was still observable when Bedford police officers took photographs of J.P.'s injuries in August 2019.

{¶ 8} On September 11, 2019, appellant and his wife were charged in a seven-count indictment for their involvement in the May 2018, February 2019, and August 2019 incidents. Appellant was charged with five counts of endangering children (one second-degree felony count, two third-degree felony counts, and two first-degree misdemeanor counts), one third-degree felony count of gross sexual imposition, and one fifth-degree felony count of obstructing official business. Appellant pled not guilty to the indictment during his arraignment on September 16, 2019.

{¶ 9} The parties negotiated a package plea agreement during pretrial proceedings. On August 4, 2020, appellant pled guilty to endangering children, a second-degree felony in violation of R.C. 2919.22(B)(1), as charged in Count 1, subject to a definite prison term between 2 and 8 years; endangering children, a third-degree felony in violation of R.C. 2919.22(B)(3), as charged in Count 3, subject to a definite prison term between 9 and 36 months; and obstructing official business, a fifth-degree felony in violation of R.C. 2921.31(A), as charged in Count 7, subject to a definite prison term between 6 and 12 months. The remaining counts were nolled. The trial court accepted appellant's guilty plea.

{¶ 10} As part of the plea agreement, appellant and his codefendant wife agreed to pay restitution, jointly and severally, in the amount of $1,205.68 to the police departments that responded to the missing children report.[3]

---

[3] Maple Heights Police Department, Solon Police Department, Oakwood Police Department, Walton Hills Police Department, Garfield Heights Police Department, and Bedford Police Department.

{¶ 11} The trial court ordered a presentence-investigation report ("PSI") and set the matter for sentencing. Both the defense and the state filed sentencing memorandums.

{¶ 12} The trial court held a sentencing hearing on September 3, 2020. The trial court sentenced appellant to five years in prison on the second-degree felony endangering children offense on Count 1 and 18 months in prison on the third-degree felony endangering children offense on Count 3. The trial court ordered Counts 1 and 3 to run concurrently with one another. The trial court sentenced appellant to 60 months (or five years) of community control on the fifth-degree felony obstruction offense on Count 7. The trial court ordered the community control sentence on Count 7 to run concurrently with the concurrent five-year prison sentence on Counts 1 and 3. The trial court ordered appellant to pay $1,205.58 in restitution and court costs. The trial court's sentencing journal entry was filed on September 10, 2020.

{¶ 13} On April 28, 2021, appellant, acting pro se, filed a notice of appeal, affidavit of indigency, a motion for appointment of counsel, a motion for preparation of the transcript at the state's expense, and a motion for leave to file a delayed appeal. On May 17, 2021, this court granted appellant's motions for leave to file a delayed appeal, appointment of counsel, and preparation of transcript at the state's expense. This court appointed counsel to represent appellant.

{¶ 14} On August 30, 2021, appointed counsel filed a motion to withdraw from the representation and a brief pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396,

18 L.Ed.2d 493.  Therein, counsel presented the following three potential errors to raise on appeal: (1) whether appellant's guilty plea was voluntarily, knowingly, and intelligently entered, (2) whether the trial court ordered appellant to pay restitution without considering appellant's ability to pay, and (3) whether the trial court erred in sentencing appellant to a total of five years of incarceration.  Counsel believed, however, that no prejudicial error occurred in the trial court and that an appeal would be frivolous.

{¶ 15} On September 9, 2021, this court advised appellant that he could file a pro se appellate brief on or before October 18, 2021.  This court granted appellant an extension on October 5, 2021, ordering appellant to file his pro se brief on or before November 10, 2021.

{¶ 16} Appellant filed a pro se brief on November 18, 2021.  Because appellant filed a pro se brief, this court grants counsel's motion to withdraw.  *See State v. Williams*, 8th Dist. Cuyahoga No. 108724, 2020-Ohio-3802, ¶ 4.  We will proceed to adjudicate appellant's assignments of error on the merits.

{¶ 17} Appellant assigns six errors for review:

I.  Ineffective Assistance of Counsel.

II.  The trial court erred in ordering [appellant] to pay restitution without considering his ability to pay $1,205.58.

III.  The trial court erred in allowing the [p]rosecution to coerce [appellant's] guilty plea by threatening to re-indict on charges of [r]ape which carries a potential [sentence of] life imprisonment.

IV.  The trial court erred in allowing the [p]rosecution to mislead evidence in [an] unsubstantiated Social Services case from 2018.

V. The trial court erred when it failed to recognize the violations of the Constitutionally protected rights to a speedy trial pursuant to [A]rticle I [S]ection X of the Constitution of the State of Ohio, The [Sixth] Amendment of the United States Constitution, and [R.C.] 2945.71-73.

VI. The trial court erred in sentencing [appellant] to a total of five years of incarceration.

{¶ 18} For ease of discussion, appellant's assignments of error will be addressed out of order.

## II. Law and Analysis

## A. Guilty Plea

{¶ 19} In his third assignment of error, appellant appears to argue that his guilty plea was not knowingly, intelligently, or voluntarily entered.

{¶ 20} Due process requires that a defendant's plea be knowingly, intelligently, and voluntarily entered; if the plea is not knowingly, intelligently, and voluntarily entered, it is invalid. *State v. Medina*, 8th Dist. Cuyahoga No. 109693, 2021-Ohio-1727, ¶ 6, citing *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 10, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25; *see also State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996) ("When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.").

{¶ 21} The purpose of Crim.R. 11(C) is to provide the defendant with relevant information so that he or she can make a voluntary and intelligent decision whether

to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 480, 423 N.E.2d 115 (1981). Before accepting a defendant's guilty plea in a felony case, the trial court must comply with Crim.R. 11(C) and "conduct an oral dialogue with the defendant to determine that the plea is voluntary, and the defendant understands the nature of the charges and the maximum penalty involved, and to personally inform the defendant of the constitutional guarantees he [or she] is waiving by entering a guilty plea." *State v. Martin*, 8th Dist. Cuyahoga Nos. 92600 and 92601, 2010-Ohio-244, ¶ 5.

{¶ 22} In *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, the Supreme Court of Ohio recently clarified the standard for reviewing a trial court's compliance with Crim.R. 11. The Supreme Court of Ohio explained that the focus in reviewing pleas is not "on whether the trial judge has '[incanted] the precise verbiage' of the rule, * * * but on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea." *Id*. at ¶ 12, quoting *State v. Stewart*, 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977).

{¶ 23} The *Dangler* Court reiterated that "[w]hen a criminal defendant seeks to have his [or her] conviction reversed on appeal, the traditional rule is that he [or she] must establish that an error occurred in the trial court proceedings and that he [or she] was prejudiced by that error." *Id*. at ¶ 13, citing *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 14-15; *Stewart* at 93, Crim.R. 52.

Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Dangler* at ¶ 17.

{¶ 24} "The test for prejudice is 'whether the plea would have otherwise been made.'" *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 32, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 25} In the instant matter, appellant appears to argue that the state coerced his guilty plea by threatening to charge appellant with rape if he did not plead guilty. Appellant's argument is misplaced and unsupported by the record.

{¶ 26} As an initial matter, this court has recognized that a prosecutor is permitted to use the possibility of reindictment on more serious charges as an inducement in plea bargaining. *State v. Tolliver*, 8th Dist. Cuyahoga No. 108955, 2020-Ohio-3121, ¶ 29. "'[A] threat of indictment on more serious charges is not a violation of due process.'" *Id.*, quoting *State v. Staten*, 7th Dist. Mahoning No. 03 MA 187, 2005-Ohio-1350, ¶ 47.

{¶ 27} In *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the United States Supreme Court explained,

While confronting a defendant with the risk of more severe punishment clearly may have a "discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable" — and permissible — "attribute of any legitimate system which tolerates and encourages the negotiation of pleas." By tolerating and encouraging the negotiation of pleas, this Court has necessarily

accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty.

*Id.* at 364, quoting *Chaffin v. Stynchcombe*, 412 U.S. 17, 31, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973).

{¶ 28} In the instant matter, according to appellant, the alleged coercion occurred in July 2020 when "the [p]rosecution threatened to reindict [appellant] on charges of '*Kiddie Rape*'" if appellant did not plead guilty. (Emphasis sic.) Appellant's brief at 8. Appellant pled guilty on August 4, 2020. During the change-of-plea hearing, appellant confirmed — on multiple occasions — that no threats or promises had been made to him to induce him into pleading guilty. (Tr. 9, 19.) Appellant did not file a motion to withdraw his guilty plea on the basis that it was coerced by the state.

{¶ 29} The record reflects that the trial court complied with Crim.R. 11. Appellant does not argue, much less demonstrate, that the trial court failed to properly advise him of the constitutional rights he would be waiving by pleading guilty. Appellant does not argue, much less demonstrate, that the trial court failed to properly advise him of the nature of the charges, the maximum penalties involved, and the effect of his pleas. Accordingly, we answer the first question of the *Dangler* analysis affirmatively.

{¶ 30} Finally, appellant has failed to argue, much less demonstrate, that "he was prejudiced by *a failure of the trial court to comply with the provisions of Crim.R. 11(C).*" (Emphasis added.) *Dangler*, 62 Ohio St.3d 1, 2020-Ohio-2765, 164

N.E.3d 286, at ¶ 16, citing *Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474. Here, appellant does not address Crim.R. 11 or argue that he was prejudiced by the trial court's failure to comply with a provision of the rule. Accordingly, appellant has failed to demonstrate prejudice based upon which he is entitled to have his guilty plea vacated.

{¶ 31} For all of the foregoing reasons, appellant's third assignment of error is overruled. The record reflects that the trial court fully complied with Crim.R. 11 and that appellant knowingly, intelligently, and voluntarily pled guilty.

### B. Ineffective Assistance of Counsel

{¶ 32} In his first assignment of error, appellant argues that he was denied his constitutional right to effective assistance of counsel.

{¶ 33} In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation; and (2) counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

> When a defendant enters a guilty plea, he [or she] generally waives all appealable errors that may have occurred unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Jabbaar*, 8th Dist. Cuyahoga No. 98218, 2013-Ohio-2897, ¶ 5; *State v. Milczewski*, 8th Dist. Cuyahoga No. 97138,

2012-Ohio-1743, ¶ 5; *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus. Thus, a claim of ineffective assistance of counsel is waived by a guilty plea, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing and voluntary. [*State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11], citing *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992), citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

*State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 14.

{¶ 34} In the instant matter, as noted above, appellant appears to argue that his guilty plea was not knowingly, intelligently, and voluntarily entered. In support of his ineffective assistance of counsel claim, appellant appears to argue that trial counsel's deficient performance caused his guilty plea to be less than knowing, intelligent, and voluntary.

{¶ 35} First, appellant argues that counsel's performance was deficient because "defense counsel failed to outline the penalties of the plea agreements and explain [appellant's] rights." Appellant's brief at 7. Specifically, appellant contends that counsel failed to explain the penalties for pleading guilty to felonies of the second, third, and fifth degree.

{¶ 36} Initially, appellant's argument is unsupported by the record. During the change-of-plea hearing, the state outlined the terms of appellant's plea agreement on the record. Following the state's recitation of the plea agreement, appellant's counsel stated,

> Your Honor, I have discussed this matter at length with [appellant], as a matter of fact, on several, several occasions. I've advised him of his constitutional rights, which I know you will go over at this time.

Your Honor, it's my understanding at this time [appellant] wishes to withdraw his formerly entered plea of not guilty and enter a guilty plea to the first count of the indictment. He understands that this is a felony of the second degree, also a felony of the third degree, Your Honor, and also the fifth degree felony.

It's my understanding that [appellant is] doing this voluntarily, and I know you inquire of him.

(Tr. 6-7.)

{¶ 37} The trial court asked appellant whether he (1) understood what was happening in his case and (2) was satisfied with the services provided by defense counsel. Appellant answered both questions affirmatively. (Tr. 9.)

{¶ 38} Furthermore, assuming, arguendo, that defense counsel failed to explain the nature of the charges or the penalties involved, appellant's ineffective assistance claim fails under the second *Strickland* prong. The record from the change-of-plea hearing reflects that the trial court complied with Crim.R. 11 by clearly advising appellant of the constitutional rights he was waiving by pleading guilty and the maximum penalties he faced for each of the offenses to which he was pleading guilty. Following the trial court's advisements, appellant entered the guilty plea. Accordingly, appellant cannot demonstrate prejudice — or a reasonable probability that but for counsel's failure to advise him about his rights and the penalties he faced, appellant would not have pled guilty.

{¶ 39} Appellant further argues that counsel's performance was deficient because counsel "allowed [appellant] to plead guilty" after the prosecution threatened to charge him with rape if he did not enter the proffered guilty plea. Appellant's brief at 8.

{¶ 40} The decision whether to plead guilty belongs to appellant, as the defendant, not to his attorney. *See State v. Lawson*, 165 Ohio St.3d 445, 2021-Ohio-3566, 179 N.E.3d 1216, ¶ 82, citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). The record reflects that appellant knowingly, intelligently, and voluntarily pled guilty on August 4, 2020, one month after the state purportedly threatened to charge him with rape if he did not enter a plea. Counsel's performance was not deficient for "allowing" appellant to make a choice that belongs to him.

{¶ 41} Furthermore, counsel's recommendation that appellant plead guilty rather than fighting the charges at trial is a strategical, tactical decision. "Trial strategy or tactical decisions cannot form the basis for a claim of ineffective counsel." *State v. Foster*, 8th Dist. Cuyahoga No. 93391, 2010-Ohio-3186, ¶ 23, citing *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980).

{¶ 42} In his second assignment of error, appellant asserts, in part, that when defense counsel outlined the proffered plea agreement to appellant in July 2020, counsel did not inform him that restitution would be part of the plea agreement. To the extent that appellant is asserting an ineffective assistance of counsel claim, appellant's claim is entirely unsupported by the record. Furthermore, appellant's ineffective assistance claim regarding restitution would fail under the second *Strickland* prong.

{¶ 43} The record from the change-of-plea hearing reflects that the state confirmed that restitution in the amount of $1,205.68 was part of the plea

agreement. (Tr. 4, 6.) The trial court also advised appellant that if he pled guilty, the trial court could "require the payment of any restitution[.]" (Tr. 18.) After appellant formally tendered his guilty pleas, the trial court ordered appellant to pay restitution in the amount agreed upon by the parties. Neither appellant nor defense counsel objected, at any time, to the trial court's advisement or attempted to withdraw appellant's guilty plea on the basis that appellant was not aware that restitution would be imposed if he pled guilty. Accordingly, even if counsel failed to advise appellant that restitution was part of the plea agreement, appellant cannot demonstrate prejudice, or a reasonable probability that but for counsel's alleged deficient performance, he would not have pled guilty. Appellant's second assignment of error is overruled, in part, to the extent that appellant argues that counsel's performance was deficient because counsel failed to advise him that restitution was part of the plea agreement.

{¶ 44} Finally, we note that appellant failed to identify any evidence in the record supporting his assertions that counsel failed to advise him of his rights, failed to "offer advice on how to proceed after the [p]rosecution made its threat," or failed to advise him that restitution was part of the plea agreement. Appellant's brief at 8. These arguments would require evidence outside of the record, such as an affidavit from appellant. As a result, the proper vehicle for raising these ineffective assistance claims is a petition for postconviction relief rather than a direct appeal. *See State v. Johnson*, 2015-Ohio-96, 27 N.E.3d 9, ¶ 53 (8th Dist.), citing *State v. Madrigal*, 87

Ohio St.3d 378, 391, 721 N.E.2d 52 (2000), and *State v. Keith*, 79 Ohio St.3d 514, 536, 684 N.E.2d 47 (1997).

{¶ 45} For all of the foregoing reasons, appellant's ineffective assistance of counsel claim fails. Appellant was not denied his constitutional right to effective assistance of counsel. Appellant's first assignment of error is overruled.

## C. Prosecutorial Misconduct

{¶ 46} In his fourth assignment of error, appellant appears to assert a prosecutorial misconduct claim, claiming that the state misrepresented evidence or misled the trial court regarding the May 2018 incident. Appellant appears to argue that the state misrepresented the evidence regarding the gross sexual imposition offense charged in Count 6 that was nolled under the plea agreement and that the state's intent was to "influence and mislead the court into [imposing] a sentence of incarceration, instead of following the recommendations [set forth in the PSI]." Appellant's brief at 11. Appellant maintains that the prosecutor's misrepresentation of the evidence was unfairly prejudicial.

> The test regarding prosecutorial misconduct is whether the actions or remarks were improper, and, if so, whether they prejudicially affected the substantial rights of the defendant. *State v. Smith* (1984), 14 Ohio St.3d 13, 470 N.E.2d 883. Moreover, this "must be considered in the light of the whole case." *State v. Maurer* (1984), 15 Ohio St.3d 239, 473 N.E.2d 768, cert. denied (1985), 472 U.S. 1012, 105 S. Ct. 2714, 86 L.Ed.2d 728. A prosecutor should pursue the office's duties with earnestness and vigor and use every legitimate means to obtain a just conviction. A prosecutor may argue the record, highlight the inconsistencies or inadequacies of the defense, and forcefully assert reasonable inferences from the evidence. *Bates v. Bell* (C.A.6, 2004), 402 F.3d 635, 646. A prosecutor may strike hard blows, but he [or she] may not strike foul ones. *Berger v. United States* (1935), 295 U.S. 78,

88, 55 S.Ct. 629, 79 L.Ed. 1314. Foul blows include personally vouching for the credibility of a witness, launching ad hominem attacks against the defendant or [defendant's] lawyer, relying on improper evidence, relying on evidence not in the record, critically commenting on the defendant's exercise of his [or her] rights such as the right to remain silent or the right to a jury trial, and deliberately misleading the jury. Any improper actions or comments by a prosecutor should be examined by four factors: (1) the likelihood that the remarks tended to mislead the jury or prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) whether the remarks were deliberately or accidently made; and (4) the total strength of the evidence against the defendant. *Bates*, 402 F.3d at 647.

*State v. Hough*, 8th Dist. Cuyahoga No. 91691, 2011-Ohio-2656, ¶ 7.

{¶ 47} As an initial matter, the record reflects that defense counsel did not object to any of the state's purportedly improper statements at any time. When trial counsel fails to object to alleged instances of prosecutorial misconduct, the alleged improprieties are waived, absent plain error. *State v. White*, 82 Ohio St.3d 16, 22, 693 N.E.2d 772 (1998), citing *State v. Slagle*, 65 Ohio St.3d 597, 604, 605 N.E.2d 916 (1992).

{¶ 48} Pursuant to Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Notice of plain error, however, ""is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."" *State v. Black*, 2019-Ohio-4977, 149 N.E.3d 1132, ¶ 21 (8th Dist.), quoting *State v. Mallory*, 8th Dist. Cuyahoga No. 106052, 2018-Ohio-1846, ¶ 17, quoting *State v. Long*, 53 Ohio St.2d 91, 93, 372 N.E.2d 804 (1978), paragraph two of the syllabus.

{¶ 49} The record clearly reflects that the prosecutor's remarks during the sentencing hearing about the May 2018 incident were in response to the factual account of the incident in the defense's sentencing memorandum. By addressing the incident in the sentencing memorandum, defense counsel arguably opened the door for the state to dispute the defense's factual recitation of the incident. Since the defense raised the issue about the facts of the May 2018 incident, any error regarding the state's comments at sentencing was arguably invited. Under the invited-error doctrine, a party is not entitled to take advantage of an error that he or she invited or induced. *State v. Campbell*, 90 Ohio St.3d 320, 324, 738 N.E.2d 1178 (2000).

{¶ 50} Nevertheless, we find that appellant has failed to demonstrate the extremely high burden of demonstrating plain error. Assuming, arguendo, that the state's remarks about the 2018 incident were improper, or that the state misrepresented the facts about the incident, appellant's PSI contained information about the incident. Defense counsel addressed the incident, both in the defense's sentencing memorandum and in open court at sentencing. The trial court independently considered this information.

{¶ 51} There is no evidence in the record that the trial court relied on the state's purportedly misleading or improper remarks in imposing appellant's sentence. The PSI and the statements presented at sentencing support the trial court's decision. Appellant cannot demonstrate prejudice because the trial court (1) imposed concurrent prison sentences on Counts 1 and 3, not consecutive sentences

as the state requested in its sentencing memorandum, and (2) imposed a community-control sanction, not a consecutive prison term on Count 7 as the state requested in its sentencing memorandum. *See State v. Warwick*, 12th Dist. Preble No. CA2017-01-001, 2018-Ohio-139, ¶ 31-32. Appellant's sentences were within the permissible statutory ranges, the trial court did not impose maximum sentences, and the trial court did not run appellant's sentences consecutively. *See State v. Powers*, 3d Dist. Hancock No. 5-19-01, 2019-Ohio-3321, ¶ 5-6.

{¶ 52} "Any effect of an improper argument made by the State at sentencing can by cured by the trial court's independent assessment of the sentencing factors." *Powers* at ¶ 4, citing *State v. Lundgren*, 73 Ohio St.3d 474, 489, 653 N.E.2d 304 (1995). The trial court's September 10, 2020 sentencing journal entry provides, in relevant part, "The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." "This court has held that a trial court's statement in its sentencing journal entry that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12." *State v. Paulino*, 8th Dist. Cuyahoga No. 104198, 2017-Ohio-15, ¶ 37, citing *State v. Gonzalez*, 8th Dist. Cuyahoga No. 102579, 2015-Ohio-4765, ¶ 6.

{¶ 53} During the sentencing hearing, the trial court stated, in relevant part,

Prior to coming on the bench, I had the opportunity to view the entire case file for each defendant, the presentence investigation report for each defendant, Revised Code Section 2929.11 for the purposes and principles of sentencing, Revised Code Section 2929.12 for the serious and recidivism factors, Revised Code Section, 2929.13, and other

Revised Code sections for felony sentencing of the second, third and fifth degrees for [appellant] and third and fifth degrees for [appellant's wife] and Revised Code Sections 2929.21 for the misdemeanor sentencing for [appellant's wife].

(Tr. 28-29.) Accordingly, we find that any effect of the state's purportedly improper remarks about the 2018 shaving incident was cured by the trial court's independent review of the record, the information presented at sentencing, and the applicable sentencing factors.

{¶ 54} "[T]his court will presume that the judge considered only the relevant, material, and competent evidence in arriving at a judgment, unless the contrary affirmatively appears from the record." *State v. Dennis*, 79 Ohio St.3d 421, 433, 683 N.E.2d 1096 (1997), citing *State v. Post*, 32 Ohio St.3d 380, 384, 513 N.E.2d 754 (1987), and *State v. Eubank*, 60 Ohio St.2d 183, 187, 398 N.E.2d 567 (1979). Appellant's speculation regarding the effect of the prosecutor's statements is insufficient to overcome this presumption or to demonstrate plain error.

{¶ 55} Finally, appellant appears to argue that he was unfairly prejudiced by the prosecutor's repeated attempts to introduce hearsay evidence. Appellant does not further develop this hearsay argument with citation to the record or supporting authority. *See* App.R. 16. Nevertheless, appellant was not convicted following a trial. He pled guilty. To the extent that appellant's hearsay argument pertains to the prosecutor's comments at sentencing, the rules of evidence do not apply at sentencing hearings. *See State v. Jackson*, 6th Dist. Erie No. E-01-024, 2002-Ohio-2359, ¶ 38; Evid.R. 101(C)(3).

{¶ 56} For all of the foregoing reasons, appellant's fourth assignment of error is overruled.

### D. Speedy Trial

{¶ 57} In his fifth assignment of error, appellant appears to argue that his constitutional and statutory speedy trial rights were violated.

{¶ 58} "Generally, the failure to raise the violation of speedy trial rights in the trial court constitutes a waiver of the defense on appeal." *State v. Mango*, 8th Dist. Cuyahoga No. 103146, 2016-Ohio-2935, ¶ 18. A defendant may, however, raise a speedy trial claim in the context of a claim of ineffective assistance of counsel. *Id.*, citing *Cleveland v. White*, 8th Dist. Cuyahoga No. 99375, 2013-Ohio-5423, ¶ 7.

{¶ 59} Appellant did not argue below that his speedy trial rights were violated. Nor does appellant raise his speedy trial claim in the context of an ineffective assistance of counsel claim. Accordingly, appellant has waived the issue for purposes of appeal. *See State v. Danzy*, 8th Dist. Cuyahoga No. 109433, 2021-Ohio-1483, ¶ 43, citing *Mango* at ¶ 18.

{¶ 60} Appellant's fifth assignment of error is premised entirely on his statutory speedy trial rights pursuant to R.C. 2945.71 and 2945.72. The record reflects that appellant waived his right to challenge his convictions on statutory speedy trial grounds. A guilty plea generally waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds. *Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658, at paragraph one of the syllabus; *State v. Yonkings*, 8th Dist. Cuyahoga No. 98632, 2013-Ohio-1890, ¶ 14-15.

{¶ 61} This court has held, however, that a defendant does not waive his or her constitutional right to a speedy trial by pleading guilty. *See State v. Kutkut*, 8th Dist. Cuyahoga No. 98479, 2013-Ohio-1442, ¶ 9, citing *State v. Carmon*, 8th Dist. Cuyahoga No. 75377, 1999 Ohio App. LEXIS 5458, 4 (Nov. 18, 1999), citing *State v. Branch*, 9 Ohio App.3d 160, 162, 458 N.E.2d 1287 (8th Dist.1983). Accordingly, we will review appellant's constitutional speedy trial claim for plain error. *See State v. Scahel*, 8th Dist. Cuyahoga No. 100705, 2014-Ohio-3042, ¶ 4, citing *United States v. Gearhart*, 576 F.3d 459, 462-463 (7th Cir.2009), *United States v. Oriedo*, 498 F.3d 593, 597, fn. 2 (7th Cir.2007), and *State v. King*, 184 Ohio App.3d 226, 2009-Ohio-4551, 920 N.E.2d 399, ¶ 10 (8th Dist.).

{¶ 62} After reviewing the record, we find that appellant failed to demonstrate plain error and that there was no violation of appellant's constitutional speedy trial rights.

{¶ 63} Pursuant to the Sixth and Fourteenth Amendments of the United States Constitution, and Section 10, Article I of the Ohio Constitution, a defendant is guaranteed the constitutional right to a speedy trial. *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 32. This court balances the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530-533, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to determine whether there has been a violation of a defendant's constitutional speedy trial rights. *State v. Long*, 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, ¶ 14. The *Barker* factors are "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right;

and (4) prejudice to the defendant." *State v. Hull*, 110 Ohio St.3d 183, 2006-Ohio-4252, 852 N.E.2d 706, ¶ 22, citing *Barker* at 530.

{¶ 64} The defendant must meet the "threshold requirement" of demonstrating a "presumptively prejudicial" delay to trigger a *Barker* analysis. *State v. Duncan*, 8th Dist. Cuyahoga No. 97208, 2012-Ohio-3683, ¶ 8. The Ohio Supreme Court explained,

> No single [*Barker*] factor controls the analysis, but the length of the delay is important. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker* at 530. Generally, a delay that approaches one year is presumptively prejudicial. *Doggett v. United States*, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), fn. 1.

*Long* at ¶ 14.

{¶ 65} In the instant matter, regarding the first *Barker* factor, appellant was arrested on August 13, 2019. On September 16, 2019, appellant posted bond. Appellant pled guilty on August 4, 2020. The length of the delay was approximately one year between appellant's arrest and guilty plea. Accordingly, we find that appellant satisfied the threshold requirement of a presumptively prejudicial delay.

{¶ 66} The second *Barker* factor is the reason for the delay. The record reflects that more than ten pretrial hearings were continued at appellant's request. The record reflects that appellant failed to respond to the state's demand for discovery, filed on September 19, 2019. *See State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, paragraph one of the syllabus ("[t]he failure of a criminal defendant to respond within a reasonable time to a prosecution request for

reciprocal discovery constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72(D).").  Accordingly, the record reflects that appellant caused most of the delay in this case.

{¶ 67} The record reflects that at least two pretrial hearings (March 19, 2020, and April 28, 2020) were rescheduled "due to national emergency COVID-19."  This court has recognized that "speedy trial time was tolled from March 9, 2020, through July 30, 2020, in response to the [COVID-19] pandemic."  *State v. B.C.*, 8th Dist. Cuyahoga No. 110070, 2022-Ohio-384, ¶ 11.

> The General Assembly, as well as the Ohio Supreme Court, tolled the speedy time limits imposed under R.C. 2945.71.  *See* 2020 Am.Sub.H.B. No. 197, Sections 22(B) and (C), and *In re Tolling of Time Requirements Imposed by Rules Promulgated by the Supreme Court and Use of Technology*, 03/27/2020 Administrative Actions, [158 Ohio St.3d 1447,] 2020-Ohio-1166, 141 N.E.3d 974.  *See also Chapman Ents., Inc. v. McClain*, [165 Ohio St.3d 428, 2021-Ohio-2386, 179 N.E.3d 1201]; *State v. McCorkle*, 2d Dist. Greene No. 2020-CA-36, 2021-Ohio-2604; 2020 Ohio Atty. Gen. Ops. No. 2020-002, syllabus, 2020 OHIO AG LEXIS 12.

*B.C.* at ¶ 11.

{¶ 68} Based on the foregoing analysis, the second *Barker* factor weights against appellant.

{¶ 69} The third *Barker* factor to consider is whether appellant asserted his right to a speedy trial.  As noted above, appellant failed to raise this issue in the trial court.  Accordingly, the third *Barker* factor weights against appellant.

{¶ 70} The fourth *Barker* factor to consider is whether the defendant was prejudiced by the delay.  In *Long*, the Ohio Supreme Court explained that "[t]he

prejudice factor in the analysis 'should be assessed in the light of the interests of defendants[,] which the speedy trial right was designed to protect.'" *Long*, 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, at ¶ 22, quoting *Barker*, 407 U.S. at 532, 92 S.Ct. 2182, 33 L.Ed.2d 101. These three interests are: "'(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.'" *Id.* The third interest is the greatest concern because it "'skews the fairness of the entire system.'" *Id.*

{¶ 71} Appellant was incarcerated for approximately one month before posting bond. Appellant does not argue, much less demonstrate, that he was prejudiced by the one-month period of pretrial incarceration or the delay between his arrest and guilty plea. Appellant does not argue, much less demonstrate, that the delay hindered his ability to gather evidence, contact witnesses, or prepare for his defense. *See Barker* at 533. It is not this court's duty to construct an argument on appellant's behalf.

{¶ 72} Appellant has failed to show any reasonable prejudice resulting from the delay. Accordingly, the fourth *Barker* factor weights against appellant.

{¶ 73} After reviewing the record and balancing the four *Barker* factors, we find that appellant's constitutional right to a speedy trial was not violated. Nor has appellant met his burden of demonstrating plain error. For all of the foregoing reasons, appellant's fifth assignment of error is overruled.

## E. Restitution

{¶ 74} In his second assignment of error, appellant argues, in part, that the trial court erred in ordering him to pay $1,205.58 in restitution because the trial court did not consider appellant's ability to pay restitution. Appellant does not further develop his assertion that the trial court failed to consider his ability to pay restitution. *See* App.R. 12, 16. Rather, as noted above, appellant appears to blame defense counsel for failing to advise him that restitution was part of the plea agreement.

{¶ 75} R.C. 2929.18(A)(1) provides, in relevant part, that the trial court, in imposing a felony sentence, may sentence the offender to any financial sanction, including restitution. Pursuant to R.C. 2929.19(B)(5), a court is required to consider a defendant's ability to pay before imposing a financial sanction. *See, e.g., State v. Newton*, 8th Dist. Cuyahoga No. 107195, 2019-Ohio-3566, ¶ 49.

{¶ 76} Normally, this court reviews a trial court's restitution order for an abuse of discretion. *State v. Pollard*, 8th Dist. Cuyahoga No. 97166, 2012-Ohio-1196, ¶ 7, citing *State v. Marbury*, 104 Ohio App.3d 179, 661 N.E.2d 271 (8th Dist.1995). In this case, however, the record reflects that the amount of restitution was agreed upon under the parties' plea agreement. As a result, appellant failed to object or contest the amount of restitution discussed during the plea hearing and ordered at sentencing. Accordingly, appellant has waived all but plain error. *State v. Osborne*, 8th Dist. Cuyahoga No. 110237, 2021-Ohio-3352, ¶ 16. A trial court commits plain error in awarding restitution that is not supported by competent and

credible evidence. *State v. Roberts*, 8th Dist. Cuyahoga No. 99755, 2014-Ohio-115, ¶ 8.

{¶ 77} In this appeal, appellant acknowledges that the trial court informed him during the August 4, 2020 change-of-plea hearing that it would impose restitution. (Tr. 23.) The defense's sentencing memorandum provides, in relevant part, "at the time of the change of plea, both [appellant] and [appellant's wife] agreed to restitution to the involved entities that were involved in the search for the two children."

{¶ 78} The record reflects that as part of his plea agreement, appellant expressly agreed to pay restitution in the amount of $1,205.68 to the investigating law enforcement agencies that were called in to help with the missing children's report. (Tr. 4, 6, 23.)

> When payment of restitution to the victim is part and parcel of a plea agreement, there is no reversible error in imposing a financial sanction, without first determining the defendant's ability to pay. *State v. McElroy*, 8th Dist. Cuyahoga Nos. 104639, 104640, and 104641, 2017-Ohio-1049; ¶ 53; *State v. St. Martin*, 8th Dist. Cuyahoga No. 96834, 2012-Ohio-1633, ¶ 8 (the stipulation and agreement to pay restitution is sufficient to support the trial court's order and precludes the defendant from complaining about it on appeal).

*State v. Carson*, 8th Dist. Cuyahoga No. 109592, 2021-Ohio-209, ¶ 15.

{¶ 79} The record clearly reflects that the trial court did, in fact, consider appellant's ability to pay the restitution order.

> The court is not obligated to make any express findings, but rather is required only to "consider" a defendant's ability to pay a financial sanction. *State v. Hodge*, 2d Dist. Montgomery No. 23964, 2011-Ohio-633, ¶ 55. Generally, a trial court complies with this requirement when

it considers a presentence investigation report that contains information about the offender's financial situation and his ability to pay the financial sanction. *See State v. Lewis*, 8th Dist. Cuyahoga No. 90413, 2008-Ohio-4101, ¶ 13; *State v. Bulstrom*, 2013-Ohio-3582, 997 N.E.2d 162, ¶ 15 (4th Dist.).

*State v. Simpson*, 8th Dist. Cuyahoga No. 101088, 2014-Ohio-4580, ¶ 21.

{¶ 80} In the instant matter, the trial court considered appellant's presentence-investigation report that contained information regarding appellant's financial situation and ability to pay the agreed-upon amount of restitution. Accordingly, the trial court did not commit plain error in ordering appellant to pay restitution.

{¶ 81} Finally, we find, sua sponte, that the record contains a clerical error regarding the total amount of restitution. As noted above, the state advised the trial court during the change-of-plea hearing that the agreed-upon amount of restitution was *"$1,205.68."* (Emphasis added.) (Tr. 4, 6.) After appellant formally tendered his guilty pleas, the trial court stated, "I'll order restitution in the amount of — and this is an agreed amount of *$1,205.58*[.]" (Emphasis added.) (Tr. 23.) Furthermore, the trial court's August 6, 2020 journal entry from the change-of-plea hearing, and the trial court's September 10, 2020 sentencing journal entry provide, in relevant part, "Restitution ordered in the amount of *$1,205.58*[.]" (Emphasis added.)

{¶ 82} The trial court's sentencing entry ordered appellant to pay restitution to the individual law enforcement agencies as follows: "Restitution ordered in the amount of $1,205.58 to Maple Heights $200.00; Solon $162.75; Oakwood $326.25;

Walton Hills $184.63; Garfield $119.00; Bedford $213.05[.]" These individual restitution orders total $1,205.68, not $1,205.58.

{¶ 83} This clerical error can be corrected through a nunc pro tunc sentencing entry.

> A trial court retains continuing jurisdiction to correct clerical errors in a judgment by nunc pro tunc entry to reflect that which actually was decided. *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 13, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19, and Crim.R. 36 ("[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time").

*State v. Roberts*, 2017-Ohio-9014, 101 N.E.3d 1067, ¶ 6 (8th Dist.).

{¶ 84} For all of the foregoing reasons, appellant's second assignment of error is overruled with respect to the trial court's restitution order.

## F. Sentence

{¶ 85} In his sixth assignment of error, appellant argues that the trial court erred in imposing a five-year prison sentence.

{¶ 86} First, appellant appears to argue that he was denied due process of law because the trial court was prejudiced or biased against him. In support of this argument, appellant contends that the trial court was prejudiced against him based on the information presented regarding the nolled gross sexual imposition charge.

{¶ 87} "Judicial bias" has been defined as "'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his [or her] attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as

contradistinguished from an open state of mind which will be governed by the law and the facts.'" *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, ¶ 48, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph four of the syllabus. Generally, "[a] court of appeals has 'no authority to determine a claim that a trial judge is biased or prejudiced against a defendant and no authority to void a trial court's judgment based on a claim that the trial judge is biased or prejudiced.'" *State v. Frazier*, 2017-Ohio-8307, 98 N.E.3d 1291, ¶ 16 (8th Dist.), quoting *State v. Williamson*, 8th Dist. Cuyahoga No. 104294, 2016-Ohio-7053, ¶ 27.

{¶ 88} Proceedings before a biased judge are fundamentally unfair, and they deny a defendant due process of law. *Dean* at ¶ 48. As a result, a trial court's judgment may be reversed due to judicial bias if the bias or prejudice violated the defendant's right to due process and deprived the defendant of a fair proceeding. *Id.* In determining whether alleged judicial bias resulted in the imposition of an unlawful sentence, this court presumes that the trial judge is unbiased and unprejudiced in the matters over which he or she presides, and "'*the appearance of bias or prejudice must be compelling in order to overcome the presumption*.'" (Emphasis added.) *State v. Eaddie*, 8th Dist. Cuyahoga No. 106019, 2018-Ohio-961, ¶ 18, quoting *State v. Filous*, 8th Dist. Cuyahoga No. 104287, 2016-Ohio-8312, ¶ 14.

{¶ 89} In the instant matter, appellant has failed to overcome the presumption that the trial judge was unbiased and unprejudiced. Nor is there "compelling" evidence of bias or prejudice in the record before this court.

{¶ 90} As noted above in the resolution of appellant's fourth assignment of error, appellant failed to demonstrate plain error with respect to the prosecutor's statements about the 2018 incident based upon which appellant was charged with gross sexual imposition. Assuming, arguendo, that the trial court's sentence was based, in part, on the 2018 incident for which appellant was charged with gross sexual imposition, this is a relevant and appropriate consideration for the court to make in determining the appropriate sentence. *See State v. Page*, 8th Dist. Cuyahoga No. 90485, 2008-Ohio-4244, ¶ 22, citing *State v. Burton*, 52 Ohio St.2d 21, 23, 368 N.E.2d 297 (1977) (in determining an appropriate sentence, the trial court did not err in considering prior allegations of crimes, including a nolled felonious assault charge, for which the defendant-appellant was never convicted).

{¶ 91} Appellant further argues that the trial court abused its discretion in imposing a sentence of five years in prison. He appears to argue that the trial court failed to consider the sentencing factors set forth in R.C. 2929.11 and 2929.12, and that "[t]he trial court refused to consider the recommendations [in the PSI.]" Appellant's brief at 15. Appellant's argument is misplaced and unsupported by the record.

{¶ 92} As an initial matter, regarding the "recommendation" in the PSI, appellant appears to be referring to the probation department's determination that appellant was a low risk for recidivism. (Tr. 41.) Defense counsel conveyed this information to the trial court at sentencing. The trial court expressly indicated that it considered appellant's PSI.

{¶ 93} This court does not review felony sentencing for an abuse of discretion. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22, citing R.C. 2953.08(G)(2); *State v. Bush*, 8th Dist. Cuyahoga No. 106392, 2018-Ohio-4213, ¶ 24. Appellate review of felony sentences is governed by R.C. 2953.08(G)(2), which provides that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1, 21.

> A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range."

*State v. Thompson*, 8th Dist. Cuyahoga No. 105785, 2018-Ohio-1393, ¶ 7, quoting *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

{¶ 94} The record must indicate that the trial court considered all relevant factors required by R.C. 2929.11 and 2929.12, but the trial court has no obligation to state reasons to support its findings. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

{¶ 95} After reviewing the record, we find that the trial court's sentence is not clearly and convincingly contrary to law. The trial court's sentences on appellant's endangering children convictions are within the permissible statutory ranges set forth in R.C. 2929.14(A)(2)(b) and (A)(3)(b). The trial court's 60-month (or five years) community-control sanction on appellant's obstructing official business

conviction did not exceed the maximum five-year limit set forth in R.C. 2929.15. Because the fifth-degree felony obstruction offense was not the most serious charge for which the trial court was sentencing appellant, the trial court was not statutorily required to impose a community-control sanction. *See* R.C. 2929.13(B)(1)(a)(ii).

{¶ 96} As noted above, the record reflects that the trial court considered the sentencing factors set forth in R.C. 2929.11 and 2929.12 in imposing its sentence. The trial court's September 10, 2020 sentencing journal entry provides, in relevant part, "The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." This statement alone is sufficient to fulfill the trial court's obligations under R.C. 2929.11 and 2929.12. *Paulino*, 8th Dist. Cuyahoga No. 104198, 2017-Ohio-15, at ¶ 37, citing *Gonzalez*, 8th Dist. Cuyahoga No. 102579, 2015-Ohio-4765, at ¶ 6. Furthermore, during the sentencing hearing, the trial court expressly stated that it considered appellant's entire case file, appellant's PSI, the purposes and principles of felony sentencing under R.C. 2929.11, the serious and recidivism factors under R.C. 2929.12, and R.C. 2929.13 pertaining to community-control sanctions. (Tr. 28-29.)

{¶ 97} For all of the foregoing reasons, appellant's sixth assignment of error is overruled. Appellant was not denied due process of law and the trial court's sentence is not clearly and convincingly contrary to law.

### III. Conclusion

{¶ 98} After thoroughly reviewing the record, we affirm the trial court's judgment. Appellant's guilty plea was not coerced by the state; rather, appellant

knowingly, intelligently, and voluntarily pled guilty. Appellant was not denied his constitutional right to effective assistance of counsel. Appellant failed to demonstrate plain error with respect to the prosecutor's remarks at sentencing. Appellant was not denied his constitutional right to a speedy trial. The trial court did not commit plain error in ordering appellant to pay restitution. The trial court's sentence is not contrary to law, and appellant was not denied due process of law or a fair sentencing hearing based on judicial bias.

{¶ 99} This matter is remanded to the trial court for the limited purpose of issuing a nunc pro tunc sentencing entry to correct the total amount of restitution appellant was ordered to pay.

{¶ 100} Appointed counsel's motion to withdraw is granted.

{¶ 101} Judgment affirmed and case remanded for further proceedings consistent with this opinion.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence and the issuance of a nunc pro tunc sentencing entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

SEAN C. GALLAGHER, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR