NORTHLAKE HILLS COOPERATIVE, INC., APPELLANT, *v.* COLLINS, TAX COMMR., APPELLEE.

[Cite as Northlake Hills v. Collins (1976), 45 Ohio St. 2d 13.]

(No. 75-564—Decided January 14, 1976.)

14

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman* and *Mr. Rankin M. Gibson*, for appellant.

*Mr. William J. Brown*, attorney general, and *Mr. John C. Duffy, Jr.*, for appellee.

*Per Curiam.* The sole question is whether the May 28, 1975, dismissal by the Board of Tax Appeals, based upon failure of the taxpayer to invoke jurisdiction of such board, was unreasonable or unlawful.

There is no question raised by appellant that it did not receive actual notice of the Tax Commissioner's dismissal of its petition for reassessment on February 12, 1975. Appellant contends, however, that the 30 day period for filing an appeal, as required by R. C. 5717.02, did not commence until a ruling was made on its request for reconsideration, and it is argued that such appeal period commenced with the letter of the Department of Taxation dated February 28, 1975.

*Fineberg* v. *Kosydar* (1975), 44 Ohio St. 2d 1, recently reaffirmed the prior position of this court with respect to the necessity of compliance with the mandatory requirements of R. C. 5717.02, as to the filing of a notice of appeal, in order to invoke jurisdiction of the Board of Tax Appeals. See also *Zephyr Room* v. *Bowers* (1955), 164 Ohio St. 287. R. C. 5717.02 requires such notice of appeal to be filed "within thirty days after * * * order by the commissioner has been given * * *."

The board's conclusion, after hearing, that such notice of appeal was not timely filed, effectively rejects appellant's contention that the letter from the Department of Taxation of February 28, 1975, constitutes the final order from which an appeal may be taken. Such conclusion of the board is supported by the record, by the absence of any reconsideration provision in R. C. 5717.02, and by *Hileman* v. *Evatt* (1943), 142 Ohio St. 175, wherein an unjournalized letter from a division employee of the Tax Department was held not to have the effect of vacating the last action taken by the commissioner. The last formal act of the commissioner here was the journalized order dated February 4, 1975, which was received by appellant on February 12, 1975.

For reason of the foregoing, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.