COLUMBUS CITY SCHOOLS BOARD OF EDUCATION, APPELLANT
AND CROSS-APPELLEE, *v.* TESTA, TAX COMMR., APPELLEE AND
CROSS-APPELLANT, APPELLEE, ET AL.
[Cite as *Columbus City Schools Bd. of Edn. v. Testa,*
129 Ohio St.3d 200, 2011-Ohio-2907.]

*Failure to provide notice to a party — Cause remanded to the Board of Tax Appeals.*

(No. 2010-1094 — Submitted March 22, 2011 — Decided June 23, 2011.)

APPEAL and CROSS APPEAL from the Board of Tax Appeals, No. 2009-V-4110.

_____

**Per Curiam.**

{¶ 1} This cause is pending before the court as an appeal and cross-appeal from the Board of Tax Appeals. The parties have filed a joint motion to vacate and remand on the authority of *MB West Chester, L.L.C. v. Butler Cty. Bd. of Revision*, 126 Ohio St.3d 430, 2010-Ohio-3781, 934 N.E.2d 928. Upon consideration of the BTA decision, the record in this case, and the relevant statutes and case law, we conclude that the holding of *MB West Chester* applies to the circumstances before us. Accordingly, we grant the motion.

{¶ 2} The facts as recited by the BTA and the record in this case show that the German Village Society, Inc. ("GVS") filed an application for exemption of real property on July 15, 2003, for the 2003 tax year. During the proceedings on that application, appellant and cross-appellee Columbus City Schools Board of Education ("school board") gave notice to the tax commissioner pursuant to R.C. 5715.27(C). Under that statute, the school board thereby became a party as a matter of law not only to the proceedings before the tax commissioner but also to

any appeal to the BTA from the tax commissioner's determination. That fact was noted in the commissioner's final determination.

{¶ 3} The tax commissioner denied GVS's application in a final determination dated August 14, 2006, and GVS appealed to the BTA, thereby initiating BTA No. 2006-V-1356. Despite the school board's status as party, it is undisputed that GVS did not serve the school board with its notice of appeal. *Columbus City Schools Bd. of Edn. v. Levin* (May 25, 2010), BTA No. 2009-V-4110 ("*Columbus City Schools Bd. of Edn.*"), at 3.

{¶ 4} On August 18, 2009, the BTA issued its decision in BTA No. 2006-V-1356. In that decision, the BTA reversed the decision of the tax commissioner and granted the exemption. *German Village Soc., Inc. v. Levin* (Aug. 18, 2009), BTA No. 2006-V-1356. The BTA did not transmit its decision to the school board as required by R.C. 5717.03(C). *Columbus City Schools Bd. of Edn.* at 3.

{¶ 5} On October 26, 2009, the tax commissioner issued a determination giving effect to the BTA's decision in BTA No. 2006-V-1356. In connection with the issuance of that order, the school board apparently learned for the first time about the decision in BTA No. 2006-V-1356. On December 21, 2009, the school board filed a notice of appeal from the October 26 order of the tax commissioner. Both the August 18, 2009 decision of the BTA and the October 26, 2009 order were attached to the notice of appeal, and in the notice, the school board asserted in part that the BTA's August 18, 2009 decision and order were "void ab initio because the [school board] was never named or notified as to the existence of the appeal." *Columbus City Schools Bd. of Edn.* at 3.

{¶ 6} On May 25, 2010, the BTA issued its decision in No. 2009-V-4110. As its primary holding, the BTA addressed the contention of the school board that the August 18, 2009 decision in BTA No. 2006-V-1356 was void and

held that it had no jurisdiction to address the validity of its earlier decision because the period for appeal from that decision had expired.

{¶ 7} Under *MB West Chester*, that holding was erroneous. Just as in *MB West Chester*, the school board in this case had a right to be notified of the proceedings and decision in BTA No. 2006-V-1356, to which it was a party by operation of law, but GVS did not serve its notice of appeal on the school board. Most significantly, the school board had an explicit statutory right to receive notice from the BTA of the BTA's decision in that case pursuant to R.C. 5717.03(C), but the BTA did not transmit its decision as required. Under *MB West Chester*, the failure of notice at both stages means that the BTA's jurisdiction to entertain a motion to vacate the August 18, 2009 decision had not expired at the time that the school board filed its notice on December 21, 2009, which requested that the BTA vacate the earlier decision. The school board's notice of appeal to the BTA in the present case specifically asked for a ruling that the BTA's August 18, 2009 decision was jurisdictionally defective.

{¶ 8} Accordingly, we reverse the BTA's holding that it had no jurisdiction to grant any relief to the school board. Additionally, we vacate the BTA's decision dated August 18, 2009 in BTA No. 2006-V-1356 along with the tax commissioner's related order dated October 26, 2009. We remand this cause to the BTA for further proceedings concerning GVS's exemption application, and the school board shall have the right to participate as a party in those proceedings. The proceedings after remand shall go forward in BTA No. 2006-V-1356 as well as in BTA No. 2009-V-4110.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Rich & Gillis Law Group, L.L.C., and Mark H. Gillis, for appellant and cross-appellee.

Michael DeWine, Attorney General, and Alan Schwepe, Assistant Attorney General, for appellee and cross-appellant.

Jones Law Office and Robyn R. Jones; and Schottenstein, Zox & Dunn Co., L.P.A., and Elden J. Hoppel, for appellee, German Village Society, Inc.

_____