[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Chapman Ents., Inc. v. McClain*, Slip Opinion No. 2021-Ohio-2386.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-2386

CHAPMAN ENTERPRISES, INC., APPELLANT, *v*. MCCLAIN, TAX COMMR., APPELLEE.

CHAPMAN, APPELLANT, *v*. MCCLAIN, TAX COMMR., APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Chapman Ents., Inc. v. McClain*, Slip Opinion No. 2021-Ohio-2386.]

*Taxation—Time period for appealing from the tax commissioner's determinations to the Board of Tax Appeals was tolled by 2020 Am.Sub.H.B. 197, which tolled certain time limitations because of the COVID-19 global health emergency—Decisions reversed and causes remanded.*

(Nos. 2020-1389 and 2020-1390—Submitted April 27, 2021—Decided July 15, 2021.)

APPEALS from the Board of Tax Appeals, Nos. 2020-1161 and 2020-1162.

_____

**Per Curiam.**

{¶ 1} Pending in each of these appeals, which we consolidate solely for purposes of this decision, is a motion to remand filed by the appellee, the tax commissioner. The issue presented by the motions is identical to that presented by the appellant, Chapman Enterprises, Inc., in case No. 2020-1389, and the appellant, Ronald Chapman, in case No. 2020-1390 (collectively "Chapman"), in their first propositions of law: Did 2020 Am.Sub.H.B. No. 197 ("H.B. 197") toll the time limit for appealing from a final determination of the tax commissioner to the Board of Tax Appeals ("BTA") pursuant to R.C. 5717.02?

{¶ 2} In the motions to remand, the tax commissioner agrees with Chapman that H.B. 197 did toll the time limit and that, as a result, Chapman timely filed appeals with the BTA in both cases. The tax commissioner therefore asserts that the BTA's dismissal of the appeals was erroneous and requests that we remand the appeals to the BTA for consideration of the merits in each case. Chapman did not oppose the motions, and we now grant them.

## I. BACKGROUND

{¶ 3} The procedural facts of these two cases are identical. The tax commissioner journalized his final determinations upholding the tax assessments in each case on April 29, 2020, and service was completed by certified mail on May 4, 2020. *See* R.C. 5703.37. Under R.C. 5717.02(B), Chapman had 60 days from the date of service to file an appeal with the BTA. Because the BTA's public offices were closed on the 60th day—Friday, July 3, 2020—in observance of the official Independence Day holiday (July 4), the deadline for filing an appeal in both cases fell on July 6, 2020—the next succeeding day that was not a Sunday or legal holiday. *See* R.C. 1.14.

{¶ 4} In each case, Chapman delivered a notice of appeal to the tax department on June 26, 2020. On July 27, 2020, Chapman filed the notices of appeal with the BTA.

**{¶ 5}** The tax commissioner filed motions to dismiss in both cases, arguing that Chapman's appeals were untimely because the appeals were filed with the BTA after the July 6 deadline. Chapman responded by arguing, in part, that the time limit for filing the appeals was tolled by H.B. 197.[1]

**{¶ 6}** The BTA issued its decisions in both appeals on October 13, 2020. In each decision, the BTA found that "although appellant argues that the deadline in which to file the notice of appeal was extended by Am. Sub. H.B. 197, such extension does not apply to notices of appeal filed with this board." *Chapman Ents., Inc. v. McClain*, BTA No. 2020-1161, 2020 WL 6147165 (Oct. 13, 2020); *Chapman v. McClain*, BTA No. 2020-1162, 2020 WL 6147166 (Oct. 13, 2020).[2] The BTA dismissed both appeals as untimely.

**{¶ 7}** Chapman appealed to this court and filed merit briefs in each appeal on January 21, 2021. The first proposition of law in each brief asserts that H.B. 197 tolled the time limit for filing an appeal with the BTA. Instead of filing an appellee's merit brief, the tax commissioner filed motions to remand in each case.

## II. ANALYSIS

**{¶ 8}** Filing an appeal within the period prescribed by R.C. 5717.02 constitutes a prerequisite to the BTA's jurisdiction to hear the appeal. *See Northlake Hills Coop., Inc. v. Collins*, 45 Ohio St.2d 13, 15, 340 N.E.2d 407 (1976).

---

1. Chapman also contends that the March 27, 2020 tolling order of this court applies to these cases. *See In re Tolling of Time Requirements Imposed by Rules Promulgated by the Supreme Court and Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166, 141 N.E.3d 974. But that order addresses time limits imposed by court rules. Because the deadline for appealing from the tax commissioner's determination to the BTA is imposed by statute, R.C. 5717.02, and because no court rule addresses administrative appeals to the BTA, H.B. 197 is the relevant tolling provision.

2. The BTA also rejected Chapman's argument that the tax commissioner could or should have filed Chapman's appeal with the BTA once Chapman filed it with the tax commissioner. Chapman renews this argument in the second proposition of law in each of the appeals to this court, but this argument is irrelevant to the motions to remand. Additionally, because we agree with Chapman's first proposition of law as the basis for granting the motions to remand, the second proposition of law is moot.

And it is settled that parties to a proceeding cannot create subject-matter jurisdiction by their own agreement. *Sekerak v. Fairhill Mental Health Ctr.*, 25 Ohio St.3d 38, 39-40, 495 N.E.2d 14 (1986) ("Since jurisdiction of appellant's appeal is conferred by statute * * * upon the State Personnel Board of Review, the parties may not, by agreement or otherwise, confer jurisdiction upon the board where it is otherwise lacking"). It follows that we may not grant the motions to remand merely because the parties agree that the BTA's jurisdiction was invoked by timely appeals. Instead, we must determine whether Chapman timely filed the notices of appeal from the tax commissioner's determinations to the BTA. *See Columbus City Schools Bd. of Edn. v. Testa*, 129 Ohio St.3d 200, 2011-Ohio-2907, 951 N.E.2d 75 (although the parties filed a joint motion to remand and agreed that the BTA had jurisdiction to conduct further proceedings, the court itself determined the jurisdictional issue).

{¶ 9} Appeals from final determinations of the tax commissioner "shall be taken by the filing of a notice of appeal with the board, and with the tax commissioner if the tax commissioner's action is the subject of the appeal." R.C. 5717.02(B). As for the time for filing the appeal, "[t]he notice of appeal shall be filed within sixty days after service of the notice of the tax assessment, reassessment, valuation, determination, finding, computation, or order by the commissioner." *Id*. The dual filing requirement—i.e., the requirement to file the notice of appeal with both the BTA and the tax commissioner—is mandatory and jurisdictional, and both filings must be accomplished within the prescribed period. *See Fineberg v. Kosydar*, 44 Ohio St.2d 1, 2, 335 N.E.2d 705 (1975); *Am. Restaurant & Lunch Co. v. Glander*, 147 Ohio St. 147, 149-150, 70 N.E.2d 93 (1946) (the statutorily specified time limits for filing an appeal to the BTA are mandatory, and failure to comply warrants dismissal of the appeal).

{¶ 10} Effective March 27, 2020, the General Assembly tolled certain statutory time limits because of the COVID-19 global health emergency:

4

> The following that are set to expire between March 9, 2020, and July 30, 2020, shall be tolled:
>
> > (1) A statute of limitation, as follows:
> >
> > * * *
> >
> > (c) For any administrative action or proceeding, the period of limitation for the action or proceeding as provided under the Revised Code or the Administrative Code, if applicable.
> >
> > * * *
> >
> > (10) Any other criminal, civil, or administrative time limitation under the Revised Code.

H.B. 197, Section 22(A).

{¶ 11} The tolling period applies "retroactively to the date of the emergency declared by Executive Order 2020-01D, issued on March 9, 2020," and the tolling period ends "on the date the period of emergency ends or July 30, whichever is sooner." H.B. 197, Sections 22(B) and (C). Because the period of emergency was still in effect as of July 30, 2020,[3] July 30 is the date on which the tolling period ended.

{¶ 12} In these cases, the tax commissioner completed service of the final determinations on May 4, 2020—within the tolling period. Chapman filed notices of appeal with the tax commissioner on June 26, 2020, and with the BTA on July 27, 2020. Thus, if the tolling provision applies, the deadline for filing the notices

---

3. *See* Executive Order 2020-01D, available at https://coronavirus.ohio.gov/static/publicorders/Executive-Order-2020-01D-Reader.pdf (accessed June 4, 2021) [https://perma.cc/AW66-YBNA] (declaring a public-health emergency, effective Mar. 9, 2020); *see also* Executive Order 2021-08D, available at https://coronavirus.ohio.gov/static/publicorders/executive-order-2021-08d.pdf (accessed July 7, 2021) [https://perma.cc/C4X2-8YDU] (rescinding the public-health-emergency declaration, effective June 18, 2021).

of appeal would have been 60 days after July 30, 2020, and Chapman's appeals would have been timely filed.

{¶ 13} We hold that Section 22(A)(1)(c) of H.B. 197 tolled Chapman's appeal period. Although R.C. 5717.02 speaks of an "appeal" rather than a "limitation period," the 60-day period for filing an appeal with the BTA is functionally the same as a 60-day limitation period for initiating an administrative proceeding at the BTA. Accordingly, Chapman's appeal deadlines were tolled under Section 22(A)(1)(c) of H.B. 197. Even if Section 22(A)(1)(c) did not apply, Section 22(A)(10) of H.B. 197 would toll the time limit for filing an appeal with the BTA because the 60-day period prescribed by R.C. 5717.02(B) would constitute an "administrative time limitation under the Revised Code" that was not otherwise tolled.

### III. CONCLUSION

{¶ 14} Because H.B. 197 tolled the time limitation for filing Chapman's appeals, and because Chapman filed the notices of appeal with both the tax commissioner and the BTA during the tolling period, Chapman's appeals were timely filed. The BTA therefore erred in dismissing the appeals. Accordingly, we grant the motions to remand, reverse the BTA's decisions, and remand both matters to the BTA for proceedings on the merits in each appeal.

Decisions reversed

and causes remanded.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Bailey Cavalieri, L.L.C., and Joshua D. DiYanni, for appellants.

Dave Yost, Attorney General, and Kimberly G. Allison, Assistant Attorney General, for appellee.

_____