[Cite as *Sessley v. Grinston*, 2023-Ohio-4281.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Tyler Sessley,                                                    :

        Plaintiff-Appellant,                       :                   No. 23AP-238
                                                                                         (C.P.C. No. 18CV-5596)
v.                                                                       :

                                                                                     (REGULAR CALENDAR)
Larry Grinston et al.,                                       :

        Defendants-Appellees.                  :

D E C I S I O N

Rendered on November 21, 2023

**On brief:** *Tyler Sessley*, pro se.

**On brief:** *Baxter & Borowicz Co., LPA, Erik Brunkhorst*, and
*Louis M. Borowicz.* **Argued:** *Erik Brunkhorst.*

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Plaintiff-appellant, Tyler Sessley, appeals from the September 15, 2020 order of the Franklin County Court of Common Pleas denying her motion for default judgment against defendant-appellee, Larry Grinston. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} This case has a complicated procedural history that is relevant to the disposition of this appeal. Accordingly, a brief discussion of the case's procedural posture is required insofar as it relates to the assignments of error. On July 2, 2018, Ms. Sessley and Tyrone "Bruce" Wen filed a complaint alleging breach of contract, abuse of access,

trespass, and unlawful eviction against Thelma Black and her son Hugh Black.[1]  (July 2, 2018 Compl.)  At the time of filing, Ms. Sessley and Mr. Wen requested the Franklin County Clerk of Courts serve two copies of the complaint and summons on Ms. Black and her son by certified mail at the same address: 1275 East 15th Avenue, Columbus, Ohio 43221. (July 2, 2018 Request for Certified Mail Service.)  The clerk's office issued service on July 3, 2018, with copies of the two certified mail receipts filed on July 5, 2018.  (July 5, 2018 Proofs of Service Issued.)

{¶ 3}   The receipt for the certified mail addressed to Ms. Black was returned with a signature to the clerk of courts, which docketed a copy of the return receipt with the notation that service was completed successfully on July 6, 2018.[2]  (July 11, 2018 Signed Certified Mail Return Receipt.)  Later that same month, the plaintiffs requested personal service by the Sheriff's Office and also service by ordinary mail on both Ms. Black and her son at the same East 15th Avenue address.  (July 23, 2018 Request for Personal Service; July 23, 2018 Request for Service by Ordinary Mail.)  Thereafter, the Sheriff's Office filed two notices to the docket, stating that service was *successfully* completed on Ms. Black's son at the listed address but was *unsuccessful* on Ms. Black, listing the reason as "Deceased."  (Aug. 1, 2018 Writs of Service.)

{¶ 4}   The case progressed with Mr. Black participating as the sole active defendant. On September 12, 2018, Ms. Sessley filed a document titled "Notice of Suggestion of Death and Substitution of Party Under Civil Rule 25(A)," indicating Ms. Black had died on June 24, 2018, Larry Grinston was appointed executor of her estate on July 18, 2018, and the "Estate of Thelma Black should be substituted as the defendant for Thelma Black pursuant to the Ohio Civil Rule 25(A)."  (Sept. 12, 2018 Notice at 1.)  Ms. Sessley subsequently requested service of the complaint and summons by certified mail on Mr. Grinston, in his capacity as the estate executor, at 1254 North Fourth Street, Columbus, Ohio.  (Sept. 22, 2018 Request for Certified Mail Service.)  She also requested that the clerk

---

[1] The claims arose out of a 2016 rental agreement between the parties that is not relevant to the narrow issue in this appeal. (July 2, 2018 Compl. at ¶ 7.)

[2] The trial court uses the date of delivery as the date of service in its entries. (*See, e.g.,* Oct. 29, 2020 Decision and Entry at 1.) We use the date on which the return of service was filed to the docket as the date of service. This discrepancy does not bear on the legal analysis, but we note it here for clarity.

serve Ms. Black by certified mail again at 1275 East 15th Avenue, Columbus, Ohio. (Sept. 22, 2018 Request for Certified Mail Service.)

{¶ 5} On October 1, 2018, Mr. Wen, acting pro se, filed a notice under Civ.R. 41(A) voluntarily dismissing his claims. (Oct. 1, 2018 Notice of Partial Dismissal.) At that time, the trial court erroneously terminated the entire case, noting on the attached disposition sheet that the case had been voluntarily dismissed. (*Id.*) Two days later, Ms. Sessley moved to reactivate the case, informing the court that the partial dismissal only applied to Mr. Wen's claims. (Oct. 3, 2018 Mot.) On November 15, 2018, a copy of the certified mail receipt addressed to Mr. Grinston was returned as undelivered, with a notation stating "Unable to Forward." (Nov. 15, 2018 Unclaimed Certified Mail Receipt.)

{¶ 6} Ms. Sessley's motion to reinstate the case remained pending for the next year and a half, during which time the original trial court judge retired and was replaced by his successor. On March 2, 2020, the trial court granted Ms. Sessley's motion and reactivated the case. (Mar. 2, 2020 Decision and Entry.) The court's order also granted Ms. Sessley's motion to substitute Ms. Black's estate for Ms. Black as a party-defendant. (*Id.*) Thereafter, on March 30, 2020, Ms. Sessley made additional requests for personal and certified mail service on Mr. Grinston as executor of the estate at the same North Fourth Street address as her previous attempts. (Mar. 30, 2020 Request for Certified Mail Service.) Finally, on April 15, 2020, personal service was obtained on Mr. Grinston. (Apr. 15, 2020 Writ of Service.) And on May 16, 2020, Ms. Sessley filed a motion for default judgment against the estate. (May 16, 2020 Mot.)

{¶ 7} Mr. Grinston filed his answer and a memorandum opposing the motion for default judgment on May 27, 2020, requesting that the trial court grant him leave to file his answer instanter due to excusable neglect. (May 27, 2020 Mot.) In an entry filed September 15, 2020, the court denied Ms. Sessley's motion for default judgment and granted Mr. Grinston's motion for leave to file his answer out of rule pursuant to Civ.R. 6(B). (Sept. 15, 2020 Decision and Entry.) Ms. Sessley subsequently moved for reconsideration of this order, which was denied on October 29, 2020. (Sept. 22, 2020 Mot.; Oct. 29, 2020 Decision and Entry.) After the trial court denied several substantive motions, a jury trial was eventually set for May 23, 2022. (Oct. 5, 2021 Entry Granting Continuation of Trial Date.)

{¶ 8} Following a week-long trial, a jury returned verdicts in favor of Mr. Grinston, as executor of the estate, on all of Ms. Sessley's claims.[3] Nearly a year later, the trial court entered a final judgment in accordance with the jury verdicts. (Mar. 21, 2023 Jgmt. Entry.)[4]

{¶ 9} On April 14, 2023, Ms. Sessley filed her notice of appeal from the trial court's October 29, 2020 journal entry denying her motion to reconsider the court's earlier denial of a default judgment against Ms. Black's estate.

## II. Assignments of Error

{¶ 10} Ms. Sessley assigns the following assignments of error for our review:

> [I.] The Trial Court erred as a matter of law and abused its discretion by denying appellants motion for default judgment when the evidence in the court record show the criteria for granting a default judgment had been met and appellee failed to adhere to the Ohio Civil Rules of Procedures to timely file an answer to the complaint and failed to meet the criteria for excusable neglect.
>
> [II.] The Trial Court erred as a matter of law and abused its discretion by not limiting its review of its initial order to the sole issue of excusable neglect when it denied appellants default motion.
>
> [III.] The trial court erred as a matter of law, abused its discretion, and committed obvious error when it held that Appellant was required to serve Grinston's attorney in order to complete the substitution of Grinston under Civ Rule 25(A), Civ Rule 25€, Civ. Rule 4 and Civ Rule 5 in violation of Civil Rules of Procedures.
>
> [IV.] The trial court erred as a matter of law and abused its discretion by raising waivable affirmative defense arguments for lack of personal jurisdiction and ineffective service on its own after Grinston voluntarily submitted to the court's jurisdiction and waived his rights to the defenses. The Court's failure to hold a hearing on the issues was prejudicial to the appellant.

---

[3] Copies of the verdict forms were filed to the docket on May 27, 2022, and the case was administratively terminated. Ms. Sessley filed a notice of appeal to this court on June 27, 2022. This court issued an order sua sponte dismissing Ms. Sessley's appeal for lack of jurisdiction due to the absence of a final judgment entry. (Mar. 22, 2023 Jgmt. Entry.)

[4] In the March 21, 2023 judgment entry, the trial court also noted that it granted Mr. Black a directed verdict at the close of Ms. Sessley's case during trial.

[V.] The trial court erred as a matter of law and abused its discretion by finding that appellant had not perfected service of process on Grinston on July 6 2018, July 24, 2018 or October 16, 2018 to trigger the start of the twenty-eight day deadline to file an answer under Civ Rule 12(A)(1).

(Sic passim.)

## III. Discussion

### A. First, Second, and Fifth Assignments of Error

{¶ 11} Because they are interrelated and dispositive of this appeal, we address Ms. Sessley's first, second, and fifth assignments of error together. We review a trial court's decision to deny a motion for default judgment for an abuse of discretion. *Iqbal v. Wells Fargo Bank, N.A.*, 10th Dist. No. 14AP-31, 2014-Ohio-3156, ¶ 17. And we first consider whether Mr. Grinston's answer was timely filed.

{¶ 12} Believing service was not perfected until 2020, Mr. Grinston argues on appeal that his answer was timely filed, and even if it were not, the trial court properly granted leave to file an answer out of rule. On the other hand, Ms. Sessley assumes service was accomplished on Mr. Grinston in 2018, and therefore argues that the trial court abused its discretion when it accepted an answer filed several years late. In order to address the assignments of error, it is helpful to set the relevant portions of this case's procedural history chronologically.

- June 24, 2018: Ms. Black dies.
- July 2, 2018: Complaint filed.
- July 11, 2018: Service by certified mail on Ms. Black returned signed and filed.
- July 18, 2018: Mr. Grinston appointed executor of Ms. Black's estate.
- August 1, 2018: Personal service completed on Mr. Black.
- August 1, 2018: Personal service unsuccessful on Ms. Black, marked "deceased."
- September 12, 2018: Notice of Suggestion of Death filed by Ms. Sessley.
- September 22, 2018: Service by certified mail requested on Mr. Grinston.

- October 1, 2018: Case terminated by trial court.

- October 3, 2018: Motion to Reinstate Case filed by Ms. Sessley.

- November 15, 2018: Certified mail service on Mr. Grinston returned "unclaimed."

- March 2, 2020: Order to reinstate case and substitute estate for Ms. Black issued.

- March 9, 2020: Beginning of administrative tolling period ordered by March 27, 2020 Tolling Order.

- April 15, 2020: Personal service completed on Mr. Grinston.

- May 16, 2020: Motion for Default Judgment filed by Ms. Sessley.

- May 27, 2020: Answer filed by Mr. Grinston.

- July 30, 2020: End of administrative tolling period.

{¶ 13} Because Ms. Black died before the complaint was filed, Ms. Sessley was required to prosecute her claims against the estate as the real party in interest. *See* Civ.R. 17(A); Civ. R. 25(A). *See Dolin v. Lupo*, 10th Dist. No. 21AP-562, 2023-Ohio-3074, ¶ 20, quoting *Smith v. Bond*, 7th Dist. No. 13 BE 27, 2015-Ohio-2585, ¶ 8. The estate was not made a party until the trial court's March 2, 2020 order reinstated the case and substituted the estate for Ms. Black.

{¶ 14} It is undisputed that the substitution of the estate for Ms. Black did not occur until March 2, 2020. Until that substitution occurred, debate about whether service was completed on Mr. Grinston or Ms. Black in 2018 is irrelevant. Ms. Black died prior to the filing of the complaint and the first attempt at service. Service of process, whether signed for by someone at the residence or marked completed in a docket notation by the clerk's office, cannot be perfected on a decedent as a matter of law because "a decedent may not be a party to an action." *Wells v. Michael*, 10th Dist. No. 05AP-1353, 2006-Ohio-5871, ¶ 9.

{¶ 15} Only once the case was reactivated and the estate was substituted for Ms. Black as the proper party could service be attempted on Mr. Grinston as the executor of her estate. And, on April 15, 2020, Ms. Sessley finally did perfect service on Mr. Grinston.

Therefore, Mr. Grinston's answer would have been due on or before May 13, 2020. *See* Civ.R. 12(A)(1).

{¶ 16} However, the COVID-19 pandemic began amid the reinstatement of the case and completion of service on Mr. Grinston. In response to the pandemic, the Ohio General Assembly and the Supreme Court of Ohio tolled all time limitations established in statute or by the Ohio Rules of Civil Procedure, respectively, from March 9, 2020 to either July 30, 2020 or the end of the Governor's declared state of emergency, whichever occurred first. Am.Sub.H.B. No. 197; *In re Tolling of Time Requirements Imposed by Rules Promulgated by the Supreme Court & Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166. Because the state of emergency remained in effect past the identified end date, the tolling orders expired on July 30, 2020. *See Chapman Enterprises, Inc. v. McClain*, 165 Ohio St.3d 428, 2021-Ohio-2386, ¶ 11. In other words, "the tolling legislation tolled deadlines between March 9 and July 30, 2020." *Johnson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 22AP-61, 2022-Ohio-2155, ¶ 10. The Supreme Court's website provides a number of examples to illustrate the effect of the order. One example is especially helpful here:

> Q: WHAT DOES "TOLL" MEAN?
>
> A: Tolling serves to effectively freeze time from the date the tolling begins, which is March 9, 2020, until the expiration of the order.
>
> * * *
>
> Q: HOW DOES TOLLING APPLY?
>
> A: How tolling applies is fact dependent. The following examples of a defendant's answer are demonstrative:
>
> * * *
>
> Example 2 – Defendant is served on March 23, 2020: Normally the defendant's answer would be due 28 days thereafter, on April 20, 2020. However, because this deadline falls within the emergency period, it is tolled. * * * Because the emergency period was in effect when the defendant was served, the entirety of the 28 days is tolled, meaning th[at] once the emergency period ends, the defendant will have 28 days left to file an answer.

(Emphasis deleted.)    Supreme  Court  of  Ohio,  Tolling  Legislation  and  Court Orders/Frequently   Asked   Questions,   https://www.supremecourt.ohio.gov/tolling/ (accessed November 20, 2023).

{¶ 17}  Service on Mr. Grinston, as executor of the estate, could not have been attempted until he was made a party to the case on March 2, 2020.  Nothing in the record indicates substitution was ordered at any point prior, despite Ms. Sessley's assertion that service was completed on Mr. Grinston in 2018.  (Appellant's Brief at 11.)  Therefore, service was not completed on Mr. Grinston until April 15, 2020—well into the emergency period. Pursuant to the Supreme Court's tolling order, Mr. Grinston had until August 27, 2020— 28 days after the conclusion of the tolling period—to file his answer.  *See* Civ.R. 12(A); *Kemba Fin. Credit Union v. Covington*, 10th Dist. No. 20AP-487, 2021-Ohio-2120, ¶ 4, fn. 1 ("As a result, the 28-day period to respond to the motion did not begin to run until July 31, 2020.  Thus, appellant had until August 27, 2020 to file her response to the motion for summary judgment.").

{¶ 18}  Ms. Sessley moved for default judgment on May 16, 2020.  Because the tolling order was still in effect when Mr. Grinston filed his answer on May 27, 2020, his pleading was well within the requisite time limitation.  Although this case was plagued by a series of unusual events, such as the erroneous termination, the COVID-19 pandemic, and a late-filed judgment entry, further complicating a system already difficult to navigate without representation, the estate's answer filed by Mr. Grinston was unmistakably timely under Civ.R. 12(A) and the tolling orders.  (*See* Oct. 29, 2020 Decision and Entry at 5.)  For that reason alone, we do not find that the trial court abused its discretion by denying the motion for default judgment and denying Ms. Sessley's subsequent motion for reconsideration.

{¶ 19}  And because we have determined that Mr. Grinston's answer was timely filed, we  do  not  need  to  consider  whether  the  trial  court  correctly  found  Mr.  Grinston demonstrated excusable neglect to file his answer out of rule.  Ms. Sessley's first, second, and fifth assignments of error are therefore overruled.

### B.  Third Assignment of Error

{¶ 20}  In Ms. Sessley's third assignment of error, she asserts the trial court erred when it required service on Mr. Grinston's counsel in order to complete the substitution of parties under Civ.R. 25.

{¶ 21} In its decision on Ms. Sessley's motion for reconsideration, the trial court stated the following:

> Sessley, in order to accomplish the substitution of Grinston and the Estate of Thelma Black, was required to serve Grinston's attorney. If Sessley was unable to serve Grinston's attorney within ninety days under Civ. R. 25(E), an extension of time could have been requested under Civ.R. 25(A). *Perry* [*v. Eagle-Picher Indus.*, 52 Ohio St.3d 168, 171-72 (1990)]. However, Sessley served Grinston on July 6, 2018, instead of Grinston's counsel. Though Grinston was served several times thereafter, it does not appear that Sessley ever served Gri[n]ston's counsel, thus depriving the Court of personal jurisdiction over Grinston and the Estate.

(Oct. 29, 2020 Decision and Entry at 4.) The trial court further stated, "Therefore, the Court lacked personal jurisdiction to grant Sessley's motion for default judgment based on Grinston's failure to timely answer after the July 6, 2018 service was made." (Oct. 29, 2020 Decision and Entry at 5.)

{¶ 22} As acknowledged by the trial court, it is axiomatic that a default judgment cannot be entered against a party who has not yet been served. "A trial court lacks personal jurisdiction to enter a default judgment against a defendant where effective service of process has not been made upon the defendant and the defendant has not appeared in the case or otherwise waived service." *Iqbal*, 2014-Ohio-3156 at ¶ 18. The trial court thus found that a default judgment was not proper for two reasons: because service had not been properly effectuated on Mr. Grinston's counsel on July 6, 2018, **and** because the estate was not formally made a party until substitution was ordered on March 2, 2020. Because we agree with the trial court's second conclusion and that was an independent ground on which to find Mr. Grinston's answer timely, we need not consider the propriety of the first. In his role as executor of Ms. Black's estate, Mr. Grinston was not made a party to the case until the trial court's March 2, 2020 court order. *See* Civ.R. 25(A). While the trial court and Ms. Sessley both conclusively (and erroneously[5]) state that service by certified mail was

---

[5] Service by certified mail was not, in fact, completed on Mr. Grinston during the first attempt at service on July 6, 2018. While the language on the online docket suggests Mr. Grinston was served on that date, the image of the certified mail receipt scanned and filed by the clerk's office for the certified mail signed on July 6, 2018 is addressed to Ms. Black at 1275 East 15th Avenue, Columbus, Ohio 43221. It appears that the clerk of courts replaced the name of the original party with the name of the substituted party on the online docket

completed on Mr. Grinston during the first attempt at service on July 6, 2018, it is irrelevant because the estate was not yet a party to the case.

{¶ 23} Therefore, our resolution of the first, second, and fifth assignments of error renders Ms. Sessley's third assignment of error moot.

### C. Fourth Assignment of Error

{¶ 24} In her fourth assignment of error, Ms. Sessley challenges the trial court's decision to sua sponte raise the issue of personal jurisdiction. (Appellant's Brief at 28.) First, this argument assumes that service on Mr. Grinston was accomplished on July 6, 2018. As we have already noted, Mr. Grinston was not successfully served until 2020. But second, and most importantly, Ohio trial courts have both the authority and responsibility to determine jurisdiction, including the existence of personal jurisdiction over a party. *See, e.g., State ex rel. Connor v. McGough*, 46 Ohio St.3d 188, 190 (1989). Therefore, it was not error for the trial court to sua sponte raise the issue of personal jurisdiction, and Ms. Sessley's fourth assignment of error is overruled.

## IV. Disposition

{¶ 25} Having overruled Ms. Sessley's first, second, fourth, and fifth assignments of error, and rendered her third assignment of error moot, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL and BOGGS, JJ., concur.

---

when the trial court ordered the substitution on March 2, 2020. But, this notation on the docket does not retroactively change the original recipient of service, nor equate to service on the substituted party as a matter of law.